1  GUIDO SAVERI (22349)
   R. ALEXANDER SAVERI (173102)
2  LISA SAVERI (112043)
   SAVERI & SAVERI, INC.
3  111 Pine Street, Suite 1700
   San Francisco, California 94111-5630
4  Telephone (415) 217-6810
   Facsimile (415) 217-6813
5
   Chair, Committee of Plaintiffs' Counsel
6
   [Additional Counsel Appear on Signature Page]
7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  FATEMAH AZIZIAN, SORAYA FARRAH,        CIVIL NO.
    EUNICE FEY, ROSE GONZALES, KAZUKO Y.
11  MORGAN, NICOLA NELSON-TORRES,          CLASS ACTION
    MONIQUE PATRICK, JUDITH POGRAN,
12  PAMELA POWELL, SHIRLEY POWELL, and     COUNT I
    ROSE SKILLMAN, on behalf of themselves and
13  all other similarly situated,

14              Plaintiffs,                COMPLAINT FOR VIOLATIONS
                                          OF THE SHERMAN ACT
15              v.

16  FEDERATED DEPARTMENT STORES, INC.;     COUNTS II AND III
    THE NEIMAN-MARCUS GROUP, INC.;
17  NORDSTROM, INC.; THE MAY
    DEPARTMENT STORES COMPANY; SAKS        COMPLAINTS FOR (1) RESTRAINT
18  INCORPORATED; GOTTCHALKS INC.;         OF TRADE AND (2) UNFAIR
    TARGET CORPORATION; DILLARD'S, INC.;   COMPETITION
19  CLARINS U.S.A., INC.; THE ESTÉE LAUDER
    COMPANIES INC.; L'ORÉAL USA, INC.;
20  CONOPCO, INC.; CHRISTIAN DIOR
    PERFUMES, INC.; GUERLAIN, INC.;        JURY TRIAL DEMANDED ALL
21  PARFUMS GIVENCHY, INC.; CHANEL, INC.;  CAUSES OF ACTION
    BOUCHERON (USA) LTD.,
22
                Defendants.
23

24

25

26

27

28

───────────────────────────────────────

1    Plaintiffs, FATEMAH AZIZIAN, SORAYA FARRAH, EUNICE FEY, ROSE

2    GONZALES, KAZUKO Y. MORGAN, NICOLA NELSON-TORRES, JUDITH POGRAN,

3    SHIRLEY POWELL, MONIQUE PATRICK, PAMELA POWELL and ROSE SKILLMAN, on

4    behalf of themselves and all others similarly situated, bring this action against the above-named

5    defendants and allege on information and belief as follows:

6                              **JURISDICTION AND VENUE**

7        1.       Plaintiffs bring this action under Section 4 and Section 16 of the Clayton Act, (15

8    U.S.C. §§ 15 and 16) to recover damages and to obtain injunctive relief as allowed by law, costs

9    of suit and reasonable attorneys' fees for defendants' violations of the federal antitrust laws,

10   including Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

11       2.       This Court has jurisdiction over this action pursuant to Sections 4(a) and 16 of the

12   Clayton Act and 28 U.S.C. §§ 1331 and 1137.

13       3.       Venue is proper in this district pursuant to Section 12 of the Clayton Act, 15

14   U.S.C. § 22, and 28 U.S.C. § 1391.

15       4.       Defendants transact business and are found within the Northern District of

16   California. The interstate trade and commerce described herein is and has been carried out, in

17   part, within the Northern District of California, and many of the unlawful acts done in violation

18   of the Sherman Act have occurred within the Northern District of California.

19                                   **DEFINITIONS**

20       5.       As used in this Complaint, the following definitions shall apply:

21           a.       "Department Store Cosmetic Products" means the full range of high-end,

22                    "prestige" or specialty beauty and cosmetic products and product lines

23                    (whether new, established or discontinued), including, but not limited to,

24                    color products, treatments and fragrances which are manufactured and/or

25                    sold by the Manufacturer Defendants (as that term is defined below) or

26                    Department Store Defendants (as that term is defined below) under various

27                    brand names. Department Store Cosmetic Products are sold primarily

28                    through Retail Stores (as that term is defined below), including such stores

1    owned or operated by the Department Store Defendants, who, in turn, sell

2    such products to the Plaintiffs and members of the Class. The term

3    "Department Store Cosmetics" excludes product lines sold principally

4    through mass distribution channels.

5    b.    "Department Store Defendants" means Federated Department Stores, Inc.;

6    The Neiman-Marcus Group, Inc.; Nordstrom, Inc.; The May Department

7    Stores Company; Saks Incorporated; Gottchalks, Inc.; Target Corporation;

8    and Dillard's, Inc; each of which purchases Department Store Cosmetics

9    from one or more Manufacturers, including the Manufacturer Defendants,

10   and, in turn, resell such cosmetics to retail customers such as the Plaintiffs.

11   c.    "Retail Store" means each company, including but not limited to the

12   Department Store Defendants, which sells Department Store Cosmetics to

13   retail customers such as the Plaintiffs.

14   d.    "Manufacturer Defendants" means The Estée Lauder Companies Inc.;

15   L'Oréal USA, Inc.; Conopco, Inc.; Christian Dior Perfumes, Inc.; Guerlain,

16   Inc.; Parfums Givenchy, Inc.; Chanel, Inc.; Boucheron (USA) Ltd.; and

17   Clarins U.S.A., Inc. -- each of which manufacturers or sells Department

18   Store Cosmetics to Retail Stores, including the Department Store

19   Defendants, who, in turn, resell such cosmetics to retail customers such as

20   the Plaintiffs.

21   e.    "Manufacturer" means each company, including but not limited to the

22   Manufacturer Defendants, which manufactures and/or sells Department

23   Store Cosmetics to Retail Stores, including the Department Store

24   Defendants, which, in turn, resell such cosmetics to retail customers such

25   as the Plaintiffs.

26   f.    "Manufacturer's Suggested Retail Price" (or "MSRP") means the price that

27   a Manufacturer suggests, at any given time, to a Retail Store, as the price

28   at which that Retail Store resells the Manufacturer's Products to retail

---

1   customers such as the Plaintiffs.

2   g.   "Resale Price" means the price at which Department Store Cosmetics are

3   sold to retail customers such as the Plaintiffs, whether or not the price is

4   the same as the MSRP.

5   **THE PARTIES**

6   **The Individual and Representative Plaintiffs**

7   6.   The Individual and Representative Plaintiffs are: FATEMAH AZIZIAN,

8   SORAYA FARRAH, EUNICE FEY, ROSE GONZALES, KAZUKO Y. MORGAN, NICOLA

9   NELSON-TORRES, MONIQUE PATRICK, JUDITH POGRAN, PAMELA POWELL,

10   SHIRLEY POWELL, and ROSE SKILLMAN. During the Class Period, each Individual and

11   Representative Plaintiff purchased Department Store Cosmetics, manufactured or sold by one or

12   more of the Manufacturer Defendants, from one or more of the Department Store Defendants for

13   her personal use and not for resale.

14   **The Department-Store Defendants**

15   7.   Defendant FEDERATED DEPARTMENT STORES, INC. ("FEDERATED") is a

16   corporation organized and existing under the laws of the State of Delaware, with its principal

17   place of business in Cincinnati, Ohio. It is a corporation engaged in the retail department store

18   business through divisions that include, but are not limited to Macy's West and Bloomingdale's,

19   which purchase Department Store Cosmetics from the Manufacturer Defendants and others and

20   resell those cosmetics at retail to plaintiffs and members of the plaintiff class.

21   8.   Defendant THE NEIMAN-MARCUS GROUP, INC. ("NEIMAN-MARCUS") is

22   a corporation organized and existing under the laws of the State of Texas, with its principal place

23   of business in Houston, Texas. NEIMAN-MARCUS is engaged in the retail department store

24   business. NEIMAN-MARCUS purchases Department Store Cosmetics from the Manufacturer

25   Defendants and others and resells those cosmetics at retail to plaintiffs and members of the

26   plaintiff class.

27   9.   Defendant NORDSTROM, INC. ("NORDSTROM") is a corporation organized

28   and existing under the laws of the State of Washington, with its principal place of business in

1   Seattle, Washington. NORDSTROM is engaged in the retail department store business.

2   NORDSTROM purchases Department Store Cosmetics from the Manufacturer Defendants and

3   others and resells those cosmetics at retail to plaintiffs and members of the plaintiff class.

4         10.     Defendant THE MAY DEPARTMENT STORES COMPANY ("MAY") is a

5   corporation organized and existing under the laws of the State of New York, with its principal

6   place of business in St. Louis, Missouri. MAY is engaged in the retail department store business

7   through its divisions Lord & Taylor and Robinson's May. MAY purchases Department Store

8   Cosmetics from the Manufacturer Defendants and others and resells those cosmetics at retail to

9   plaintiffs and members of the plaintiff class.

10         11.     Defendant SAKS INCORPORATED ("SAKS") is a corporation organized and

11   existing under the laws of the State of Tennessee, with its principal place of business in

12   Birmingham, Alabama. SAKS and various of its subsidiaries or affiliates are engaged in the retail

13   department store business. SAKS and various of its subsidiaries or affiliates purchase

14   Department Store Cosmetics from the Manufacturer Defendants and others and resell those

15   cosmetics at retail to plaintiffs and members of the plaintiff class..

16         12.     Defendant GOTTSCHALKS INC. ("GOTTSCHALKS") is a corporation

17   organized and existing under the laws of the State of California, with its principal place of

18   business in Fresno, California. GOTTSCHALKS is engaged in the retail department store

19   business. GOTTSCHALKS purchases Department Store Cosmetics from the Manufacturer

20   Defendants and others and resells those cosmetics at retail to plaintiffs and members of the

21   plaintiff class.

22         13.     Defendant TARGET CORPORATION ("TARGET") is a corporation organized

23   and existing under the laws of the State of Minnesota, with its principal place of business in

24   Minneapolis, Minnesota. TARGET is engaged in the retail department store business. TARGET

25   purchases Department Store Cosmetics from the Manufacturer Defendants and others and resells

26   those cosmetics at retail to plaintiffs and members of the plaintiff class.

27         14.     Defendant DILLARD'S, INC. ("DILLARD'S") is a corporation organized and

28   existing under the laws of the State of Delaware, with its principal place of business in the State

1  of Arkansas. DILLARD'S and its wholly owned or controlled subsidiaries are engaged in the

2  retail department store business. DILLARD'S purchases Department Store Cosmetics from the

3  Manufacturer Defendants and others and resells those cosmetics at retail to plaintiffs and

4  members of the plaintiff class.

5  **The Manufacturer Defendants**

6        15.    Defendant THE ESTÉE LAUDER COMPANIES, INC. ("LAUDER") is a

7  corporation organized and existing under the laws of the State of Delaware.

8        16.    LAUDER, founded in 1946, is one of the world's leading manufacturers and

9  marketers of Department Store Cosmetics, including skin care, makeup, fragrance and hair care

10  products. The major trademarks and brand names used in LAUDER's business include Estée

11  Lauder, Clinique, Aramis, Prescriptives, Origins, Tommy Hilfiger, Donna Karan New York,

12  M.A.C. and Bobby Brown Essentials.

13        17.    On information and belief, defendant FEDERATED accounted for nearly 12% of

14  LAUDER's net sales, and Defendant MAY accounted for 10% of LAUDER's net sales during

15  certain years.

16        18.    Defendant L'ORÉAL USA, INC. ("L'ORÉAL ") formerly known as COSMAIR,

17  INC., is a corporation organized and existing under the laws of the State of Delaware. L'ORÉAL

18  is a wholly owned subsidiary of The Groupe L'Oréal, SA, a French Corporation. L'ORÉAL

19  manufactures Department Store Cosmetics. L'ORÉAL  manufactures or distributes other

20  Department Store Cosmetics brands such as Lancôme (makeup and skin care), Biotherm (skin

21  care), as well as the Ralph Lauren and Giorgio Armani brand fragrances.

22        19.    Defendant CONOPCO, INC. ("CONOPCO") is a corporation organized and

23  existing under the laws of the State of New York.

24        20.    CONOPCO manufactures or manufactured Department Store Cosmetics,

25  including the following brand names: (a) Calvin Klein Cosmetics: CK One, CK BE, Escape,

26  Eternity and Obsession, Calvin Klein Color; (b) Cerrutti: Cerrutti 1881; (c) Chloe: Chloe and

27  Narcisse; (d) Elizabeth Arden: 5th Avenue, Blue Grass, Red Door, Sunflowers and True Love;

28  (e) Elizabeth Taylor: Black Pearls, Elizabeth Taylor Passion, and White Diamonds; (f) Jean

1  Louis Scherrer: Indian Night/Nuits Indienness; (g) Karl Lagerfeld: KL, Lagerfeld, Lagerfeld

2  Classic, Sun Moon Stars, and (h) Valentino: Vendetta.

3      21.    Defendant CHRISTIAN DIOR PERFUMES, INC. ("DIOR-US"), is a

4  corporation organized and existing under the laws of the State of New York. DIOR-US is a

5  wholly-owned subsidiary of Christian Dior Parfums SA, ("Dior France"), a French corporation

6  located in France. DIOR-US distributes products manufactured by Dior France in the United

7  States.

8      22.    Defendant GUERLAIN, INC is a corporation organized and existing under the

9  laws of the State of New York. GUERLAIN, INC is a wholly-owned subsidiary of Guerlain, SA,

10  a French corporation, which manufactures the product GUERLAIN, INC. distributed in the

11  United States.

12      23.    Defendant PARFUMS GIVENCHY, INC. is a corporation organized and existing

13  under the laws of the State of New York. PARFUMS  GIVENCHY, INC. is owned by Parfums

14  Givenchy, SA (68%) and LVMH Fashion Group, SA (32%), both of which are French

15  corporations.

16      24.    The three defendants named in the above three paragraphs distribute Department

17  Store Cosmetics throughout the United States. For example, DIOR US distributes perfumes and

18  haute couture products under the following brand names: Capture; Dior Make-Up Products: Dior

19  Essence fragrances, Diorissimo fragrances, Eau Savage fragrances, Equite cleansers, Fahrenheit

20  fragrances, Hydra Dior skin care products, Icone skin care products, Miss Dior fragrances,

21  Poison fragrances and Resultante skin care products.

22      25.    Defendant CHANEL, INC. ("CHANEL") is a corporation organized and existing

23  under the laws of the State of New York. CHANEL is engaged in the manufacture and marketing

24  of Department Store Cosmetics, including under the following brand names: Anateus Pour

25  Homme, Chanel Beaute, Chanel No. 5 perfume, Chanel No. 19 perfume, Chanel No. 22 perfume,

26  Coco Perfume, Cristalle perfume, Egoiste fragrance and Pour Monsieur fragrance. CHANEL is a

27  wholly owned subsidiary of the French corporation Chanel France, located in France. Chanel

28  France is owned by Chanel International BV, located at Boerhaaven 22, Zoetermeer, Zuid-

1   Holland, The Netherlands 2713 HX.

2       26.    Defendant BOUCHERON (USA) LTD. ("BOUCHERON") is a corporation

3   organized and existing under the laws of the State of New York. BOUCHERON manufactures

4   and distributes Department Store Cosmetics, including Boucheron perfume.

5       27.    Defendant CLARINS U.S.A., INC. ("CLARINS") is a corporation organized and

6   existing under the laws of the State of New York. CLARINS distributes and markets Department

7   Store Cosmetics.

8   **Co-Conspirators**

9       28.    Various others, presently unknown to plaintiffs, participated as co-conspirators

10   with the defendants in the violations of law alleged in this Complaint and have engaged in

11   conduct and made statements in furtherance thereof.

12   **CLASS ACTION ALLEGATIONS**

13       29.    Plaintiffs bring this action pursuant to Rules 23(a) and b(3) of the Federal Rules of

14   Civil Procedure on behalf of themselves and the following Class ("the Class"):

15           All persons who currently reside in the United States and who purchased
16           Department Store Cosmetic Products in the United States, which products were
        manufactured and/or sold by the Manufacturer Defendants or Department Store
17           Defendants, at any time during the period May 29, 1994 through June 1, 2003 (the
        "Class Period"). Excluded from this Settlement Class are all employees, officers,
18           directors or agents (including attorneys) of any defendant, as well as any judge,
        justice or judicial officer presiding over this matter, and each such person's
19           immediate family.

20       30.    This action has been brought and may be properly maintained as a class action

21   because:

22       (a) The Class is ascertainable and there is a well-defined community of interest among the

23   members of the Class;

24       (b) Based upon the nature of the trade and commerce involved and the number of retail

25   purchasers of Department Store Cosmetics, plaintiffs believe that the members of the Class

26   number in the millions, and, therefore, joinder of all class members of the Class is not

27   practicable;

28       (c) Plaintiffs' claims are typical of the claims of those of the members of the Class

1 │ because plaintiffs purchased Department Store Cosmetics from one or more of the Department

2 │ Store Defendants, manufactured by one or more of the Manufacturer Defendants and their co-

3 │ conspirators, and therefore plaintiffs' claims arise from the same common course of conduct

4 │ giving rise to the claims of the members of the Class and the relief sought is common to the

5 │ Class;

6 │       (d) The following common questions of law or fact, among others, exist as to the

7 │ members of the Class:

8 │           (i)     whether defendants combined and conspired to fix, raise, maintain or

9 │ stabilize the prices of Department Store Cosmetics;

10 │           (ii)    whether said combination and conspiracy was implemented;

11 │           (iii)   the operative time period of the combination and conspiracy;

12 │           (iv)   whether the combination and conspiracy is continuing in nature;

13 │           (v)    whether defendants' conduct violates Section 1 of the Sherman Act; and

14 │           (vi)   whether defendants' conduct caused injury to the business or property of

15 │ plaintiffs and the members of the Class.

16 │       (e)    Questions of law or fact, which are common to the members of the Class,

17 │ predominate over any questions affecting only individual members of the Class;

18 │       (f)     Plaintiffs will fairly and adequately protect the interests of the Class in that

19 │ plaintiffs have no interests that are antagonistic to other members of the Class, and they have

20 │ retained counsel competent and experienced in the prosecution of class actions and antitrust

21 │ litigation to represent themselves and the Class;

22 │       (g)    A class action is superior to other available methods for the fair and efficient

23 │ adjudication of this litigation since individual joinder of all damaged Class members is

24 │ impractical. The damages suffered by individual Class members are relatively small in relation to

25 │ the expense and burden of individual prosecution of the claims asserted in this litigation. Thus,

26 │ absent the availability of class action procedures, it would not be feasible for Class members to

27 │ redress the wrongs done to them. Even if the Class members could afford individual litigation,

28 │ the court system could not. Further, individual litigation presents the potential for inconsistent or

1   contradictory judgments and would greatly magnify the delay and expense to all parties and to

2   the court system and, therefore, the class action device presents far fewer case management

3   difficulties and will provide the benefits of unitary adjudication, economy of scale and

4   comprehensive supervision by a single court; and

5       (h)   In the absence of a class action, defendants would be unjustly enriched because

6   they would be able to retain the benefits and fruits of their wrongful conduct.

7   ## TRADE AND COMMERCE

8       31.   During the time period covered by this Complaint, various Manufacturers,

9   including each of the named Manufacturer Defendants, sold and shipped substantial quantities of

10  Department Store Cosmetics in a continuous and uninterrupted flow of interstate commerce to

11  Retail Department Stores, including each of the Department Store Defendants, located in states

12  other than the states in which the Manufacturers are located.  The Retail Department Stores, in

13  turn, resold the Department Store Cosmetics to consumers in the United States.

14      32.   The business activities of the various Manufacturers, including each of the named

15  Manufacturer Defendants, and the Retail Department Stores, including each of the Department

16  Store Defendants, that are the subject of this Complaint were within the flow of and substantially

17  affected interstate trade and commerce.

18  ## THE COSMETICS INDUSTRY

19      33.   Department Store Cosmetics' counters generally feature only one cosmetic

20  Manufacturer's lines per counter. By way of example, the Lauder counter may display "Estée

21  Lauder ," "Clinique" or "Origins" brands, among others, but these are all Lauder-owned brands.

22  Cosmetics counters are located in areas of the Retail Department Stores where customer traffic is

23  heavy -- usually the main floor of the Retail Department Stores and generally near the main

24  entrance, which is the most visible and therefore the most valuable location in any department

25  store.

26      34.   The Department Store Defendants purchase Department Store Cosmetics for

27  resale and take title to such goods upon receipt thereof. The Manufacturer Defendants pay for

28  store counters, in-store displays, demonstrations and other advertising, as well as up to 135% of

1 | the salaries of cosmetic-counter salespeople, all in return for the Department Store Defendants'

2 | agreement to sell at MSRP. The Manufacturer Defendants further guarantee the Department

3 | Store Defendants a gross margin equal to 40% of the retail price of the Department Store

4 | Cosmetics and the Manufacturer Defendants buy back any unsold Department Store Cosmetics,

5 | thus guaranteeing that there will never be any mark-downs of Department Store Cosmetics.

6 | Therefore, the Department Store Defendants have none of the usual risks attendant to retail sales

7 | unless they deviate from the MSRP.

8 |      35.    Defendants' conduct with respect to the pricing of Department Store Cosmetics

9 | reveals that they do not compete on the basis of price with respect to the retail sale of Department

10 | Store Cosmetics. Department Store Cosmetics never go on sale. Even though cosmetics are

11 | extensively advertised by the defendants, discount prices are never advertised or offered.

12 |      36.    Defendants do not compete on the basis of price or discounts in the retail sale of

13 | Department Store Cosmetics and have engaged and continue to engage in acts and

14 | practices to prevent price competition in the retail sale of Department Store Cosmetics.

15 | **VIOLATIONS ALLEGED**

16 |      37.    Beginning at a time presently unknown to plaintiffs, and continuing

17 | thereafter up to and including the date of the filing of this Complaint, the defendants and their co-

18 | conspirators entered into and engaged in a continuing contract, combination or conspiracy in

19 | unreasonable restraint of trade and commerce in violation of Section 1 of the Sherman Act (15

20 | U.S.C. § 1).

21 |      38.    The contract, combination or conspiracy consisted of a continuing  agreement,

22 | understanding and concert of action among the defendants and their co-conspirators, the

23 | substantial terms of which were to fix, raise, and stabilize the prices of Department Store

24 | Cosmetics and to limit the supply of Department Store Cosmetics.

25 |      39.    For the purpose of forming and effectuating their continuing contract,

26 | combination or conspiracy, the defendants and their co-conspirators did those things which they

27 | contracted, combined or conspired to do, including but in no way limited to the acts, practices

28 | and course of conduct set forth above and the following:

(a)   To fix, establish, control or maintain the Resale Price at which any
      Retail Store may advertise, promote, offer for sale or sell any
      Department Store Cosmetic Products;

(b)   To require, coerce, or otherwise pressure only Retail Stores to maintain,
      adopt or adhere to any resale price for any Department Store Cosmetic
      Products;

(c)   To secure or attempt to secure any commitment or assurance from any
      Retail Store concerning the resale price at which the Retail Store may
      advertise, promote, offer for sale or sell any Department Store Cosmetic
      Products;

(d)   To limit the amount of Products that any Retail Store may purchase at one
      time or in any single order from any Manufacturer;

(e)   To limit the number or dollar amount of Department Store Cosmetic
      Products that may be purchased from any Retail Store at one time by any
      single retail customer;

(f)   *To establish, in connection with any gift-with-purchase, purchase*
      with-purchase or similar promotion of Department Store Cosmetic
      Products (collectively "Promotion"), the "qualifying amount," *i.e.*, the
      amount which the retail customer pays in order to receive the benefit (*e.g.*,
      the gift or additional purchase) associated with the Promotion;

(g)   To limit the number of Department Store Cosmetic Products that may be
      given or sold by a Retail Store to any single retail customer in connection
      with a Promotion, regardless of whether the customer has paid in excess of
      the qualifying amount;

(h)   To prohibit any Retail Store from advertising any Manufacturer's Products
      at a price other than MSRP;

(i)   To prohibit a Promotion of a Manufacturer on the same date(s) as a
      Promotion by that same Manufacturer at another Retail Store;

 (j) To prohibit a Promotion of one Manufacturer on the same date(s) another Manufacturer is having a Promotion at another Retail Store;

 (k) To prohibit a Promotion of one Manufacturer on the same date(s) another Manufacturer is having a Promotion at the same Retail Store.

## EFFECTS

40. The contract, combination or conspiracy had the following effects, among others:

 (a) Retail prices charged by defendants and their co-conspirators for Department Store Cosmetics were fixed, raised, maintained or stabilized at artificially high and supra-competitive levels; and

 (b) Competition for the sale of Department Store Cosmetics in the United States was unreasonably restrained.

## DAMAGES

41. As a direct and proximate result of defendants' unlawful conduct, plaintiffs and the members of the class have been injured in their business and property in that they paid more for Department Store Cosmetics than they otherwise would have paid in the absence of defendants' unlawful conduct. In addition, the illegal conduct alleged herein is continuing and, unless restrained, defendants will continue to engage in such conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

42. Declaring this action to be certified and approved as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class as defined herein;

43. That the unlawful combination and conspiracy alleged herein be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1);

44. That plaintiffs and the Class recover damages, as provided by law, and that joint and several judgment in favor of plaintiffs and the Class be entered against defendants and each of them in an amount to be trebled in accordance with the antitrust laws;

45. That plaintiffs and the Class recover their costs of this suit, including reasonable

1  attorneys' fees, as provided by law;

2      46.    That plaintiffs be entitled to prejudgment interest pursuant to section 4 (a) of the

3  Clayton Act;

4      47.    That each of the defendants, co-conspirators, successors, assigns, parents,

5  subsidiaries, affiliates and transferees, and their respective officers, directors, agents and

6  employees, and all other persons acting or claiming to act on behalf of defendants or in concert

7  with them, be permanently enjoined and restrained from, in any manner, directly or indirectly,

8  continuing, maintaining or renewing the combinations, conspiracy, agreement, understanding or

9  concert of action, or adopting or following any practice, plan, program or design having similar

10  purpose or effect in restraining competition; and

11      48.    That plaintiffs and the Class be granted such other and further relief as the nature

12  of the case may require or as may seem just and proper to this Court.

13                                     **JURY TRIAL DEMANDED**

14      Plaintiffs demand a trial by jury of all issues so triable in this case.

15                                     **COUNTS II AND III**

16      Pursuant to the Supplemental Jurisdiction of this Court under 28 U.S.C. §1367, plaintiffs

17  above-named bring the following causes of action:

18                                 **JURISDICTION AND VENUE**

19      49.    Plaintiffs bring this action pursuant to Section 16750(a) of the California

20  Business and Professions Code, to recover treble the damages that plaintiffs and the members of

21  the class, as defined, have sustained due to violations by the named defendants and their

22  co-conspirators of Section 16720 of the California Business and Professions Code (the

23  "Cartwright Act"). Plaintiffs' claims also are brought pursuant to Sections 17203 and 17204,

24  California Business and Professions Code, to obtain restitution from the defendants due to their

25  violations of Section 17200 of the California Business and Professions Code (the "Unfair

26  Competition Act").

27      50.    Venue as to each defendant is proper in this judicial district pursuant to the

28  provisions of Sections 16750(a) and 17203 of the Business and Professions Code and Sections

1  395(a) and 395.5 of the California Code of Civil Procedure. Each defendant either maintains an

2  office, transacts business, has an agent or is found in the various counties set forth in the

3  Complaint. Plaintiffs' causes of action arose in part within the various counties alleged and each

4  defendant is subject to the jurisdiction of this Court. The unlawful conduct undertaken pursuant

5  to the combination or conspiracy alleged has a direct effect on consumers within the State of

6  California including the various counties alleged, and the trade and commerce described below is

7  carried on within the State of California, as well as within those counties alleged.

8       51.    Both causes of action are brought and may be properly maintained as a class

9  action pursuant to Section 382 of the California Code of Civil Procedure.

10                              **COUNT II**

11                    **(For Violations of the Cartwright Act)**

12      52.    Plaintiffs incorporate by reference paragraphs 5 through 48 of the First Count of

13  this Complaint, as though fully set forth at length in this paragraph.

14      53.    Beginning at a time presently unknown to plaintiffs and continuing thereafter up

15  to and including the date of the filing of this Complaint, defendants and co-conspirators entered

16  into and engaged in a continuing, unlawful trust in restraint of the trade and commerce in

17  violation of Section 16720, California Business and Professional Code. Defendants, and each of

18  them, have acted in violation of Section 16720 to fix, raise, stabilize and maintain prices of

19  Department Store Cosmetics at supra-competitive levels.

20      54.    As a direct and proximate result of defendants' unlawful conduct, plaintiffs and

21  the members of the class have been injured in their business and property in that they paid more

22  for Department Store Cosmetics than they otherwise would have paid in the absence of

23  defendants' unlawful conduct. In addition, the illegal conduct alleged herein is continuing and,

24  unless restrained, defendants will continue to engage in such conduct. As a result of defendants'

25  violation of Section 16720 of the California Business and Professions Code, plaintiffs seek treble

26  damages, equitable relief and costs of suit, including reasonable attorney fees, pursuant to

27  16750(a) of the California Business and Professions Code and such similar laws.

28                              **COUNT III**

**(For Violations of the Unfair Competition Act)**

55.    Plaintiffs incorporate by reference paragraphs 5 through 48 of the First Count of this Complaint, as though fully set forth at length in this paragraph.

56.    Beginning on a date unknown to plaintiffs, defendants committed and continue to commit acts of unfair competition, as defined by Sections 17200, *et seq.* of the California Business and Professions Code.

57.    This Complaint is filed and these proceedings are instituted pursuant to Sections 17203 and 17204 of the California Business and Professions Code, to obtain restitution from these defendants for acts, as alleged herein, that violated Section 17200 of the California Business and Professions Code, commonly known as the Unfair Competition Act and such similar laws.

58.    The defendants' conduct as alleged herein violates Section 17200. The acts, omissions, misrepresentations, practices, and non-disclosures of defendants, as alleged herein, constituted and constitute a common continuous and continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of California Business and Professions Code, Section 17200, *et seq.*, including, but in no way limited to, the following:

(a)    The violations of Section 16720, *et seq.* of the California Business and Professions Code, set forth above;

(b)    Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, *et seq.* of the California Business and Professions Code, and whether or not concerted or independent acts, are otherwise unfair, unconscionable, unlawful or fraudulent;

(c)    Violation of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45(a));

(d)    Defendants' acts and practices are unfair to consumers in the State of California and other states and territories within the meaning of Section

1      17200, California Business and Professional Code; and

2          (e)    Defendants' acts and practices are fraudulent or deceptive within the

3                 meaning of Section 17200 of the California Business and Professions

4                 Code.

5          59.    Plaintiffs and the Plaintiff Class are entitled to equitable and injunctive relief,

6    including full restitution and/or disgorgement of all revenues, earnings, profits, compensation

7    and benefits which may have been obtained by defendants as a result of such business acts or

8    practices and enjoining defendants to cease and desist from engaging in the practices described

9    herein.

10         60.    The illegal conduct alleged herein is continuing and there is no indication

11   that defendants will not continue such activity into the future.

12         61.    The unlawful and unfair business practices of defendants, and each of

13   them, as described above, have injured and present a continuing threat of injury to members of

14   the public in that defendants' conduct has restrained and continues to restrain competition, has

15   caused and continues to cause plaintiffs and the members of the Class they represent to pay

16   supra- competitive and artificially-inflated prices for Department Store Cosmetics, and has made

17   it likely that members of the public have been and will continue to be deceived with respect to

18   the manner in which the prices charged for Department Store Cosmetics have been set.

19         62.    The conduct of defendants as alleged in this Complaint violates

20   Section 17200 of the California Business and Professions Code.

21         63.    *As alleged in this Complaint, defendants and their co-conspirators have*

22   been unjustly enriched as a result of their wrongful conduct and by defendants' unfair

23   competition. Plaintiffs and the members of the Class are accordingly entitled to equitable relief

24   including restitution and/or disgorgement of all revenues, earnings, profits, compensation and

25   benefits which may have been obtained by defendants as a result of such business practices,

26   pursuant to the California Business and Professions Code, Sections 17203 and 17204.

27         64.    The illegal conduct alleged herein is continuing and, unless restrained,

28   defendants will continue to engage in such conduct.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against defendants, jointly and severally, as follows:

65.　Determining that this action may proceed and be maintained as a class action;

66.　On the second count:

　　(a)　For damages according to proof at trial, and that such amount be trebled;

　　(b)　For reasonable attorneys' fees pursuant to Section 16750(a) of the California Business and Professions Code;

　　(c)　For prejudgment interest at the highest legal rate, from and after the date of service of the initial Complaint in this action.

67　On the third count:

　　　　Ordering defendants, and each of them, their agents and employees, and all persons acting, directly or indirectly, in concert with them, to restore all funds to each member of the class acquired by means of any act or practice declared by this Court to be unlawful or to constitute unfair competition under Sections 17200, *et seq.* of the California Business and Professions Code;

68.　For costs of suit;

69.　For such other and further relief as the Court may deem just and proper.

Dated: July 17, 2003.

GUIDO SAVERI (22349)
R. ALEXANDER SAVERI (173102)
LISA SAVERI (112043)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, California 94111-5619
Telephone: (415) 217-6810

WILLIAM BERNSTEIN (65200)
JOSEPH R. SAVERI (130064)
MICHAEL W. SOBOL (194857)
MICHELE C. JACKSON (90807)
LIEFF, CABRASER, HEIMANN & BERNSTEIN
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

FRANCIS O. SCARPULLA (41059)
LAW OFFICES OF FRANCIS O. SCARPULLA
Embarcadero Center West
275 Battery Street, 28th
San Francisco, CA 94111
Telephone: (415) 788-7210

JOSEF D. COOPER (53015)
COOPER & KIRKHAM, P.C.
655 Montgomery, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030

JOSEPH M. ALIOTO (42680)
THERESA MOORE (99978)
ANGELINA GRACE (206899)
THE LAW FIRM OF JOSEPH M. ALIOTO
555 California, 31st Flooor
San Francisco, CA 94104
Telephone: (415) 434-8900

DANIEL J. MOGIN (95624)
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101-1502
Telephone: (619) 687-6611

J. GARRETT KENDRICK (61698)
KENDRICK & NUTLEY
468 North Camden Drive, Suite 200
Beverly Hills, CA 90210
Telephone: (310)858-5571

TERRY GROSS (103878)
GROSS & BELSKY
180 Montgomery Street, Suite 2200
San Francisco, CA 94111
Telephone: (415) 544-0200

W. TIMOTHY NEEDHAM (95642)
JANSSEN, MALLOY, NEEDHAM,
MORRISON & KOSHKIN
730 Fifth Street, Post Office Drawer 1288
Eureka, CA 95502
Telephone: (707) 445-2071

GRETCHEN M. NELSON (112566)
LAW OFFICES OF GRETCHEN M. NELSON
707 Wilshire Boulevard, Suite 5000
Los Angeles, CA 90017
Telephone: (213) 622-6469

ROBERT DISKINT
CRITCHLOW & DISKINT
938 B Street
San Rafael, CA 94901
Telephone: (415) 721-7900

MICHAEL J., FLANNERY
THE DAVID DANIS LAW FIRM, PC
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Telephone: (314) 725-7700

JOHN H. BOONE
555 California, 31st Flooor
San Francisco, CA 94104
Telephone: (415) 434-1133

SUSAN TAYLOR
MILBERG, WEISS, BERSHAD,
HYNES & LERACH, L.L.P.
600 West Broadway
1800 One America Plaza
San Diego, CA 92101-3356
Telephone :(619) 231 - 1058

CRAIG C. CORBITT (83250)
ZELLE, HOFMANN, VOELBEL
MASON & GETTE, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700

JOHN L. BURRIS (69888)
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport, Suite 1120
Oakland, CA 94612
Telephone: (510) 839-5200

BEN FURTH
THE FURTH FIRM
201 Sansome Street, Suite 1000
San Francisco, CA 94104
Telephone: (415) 433-2070

ALAN R. PLUTZIK  (77785)
BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598

Telephone: (925) 945-0200

JOHN W. ALLURED (84770)
LAW OFFICES OF JOHN W. ALLURED
One Maritime Plaza, Suite 1040
San Francisco, California 94111
Telephone: (415) 675-2960

By: _____
Guido Saveri
Chair, Committee of Plaintiffs' Counsel

cosmetics.099.wpd

COMPLAINT FOR VIOLATIONS OF THE SHERMAN ACT