GUIDO SAVERI (22349)
R. ALEXANDER SAVERI (173102)
LISA SAVERI (112043)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 217-6810

WILLIAM BERNSTEIN (65200)
MICHELE C. JACKSON (90807)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| Fatemah Azizian, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Federated Department Stores, Inc., *et al.*,<br><br>Defendants. | **NO. 4:03-CV-03359 SBA**<br><br>ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL |

WHEREAS, this Court has been apprised of the proceedings in *In re Cosmetics Cases,* J.C.C.P. No. 4056, which has been proceeding in the Superior Court of the State of California, County of Marin (the "Superior Court") for over four years (the "Coordinated Actions"); and

WHEREAS, the plaintiffs have entered into a Settlement Agreement dated July 16, 2003 (which has been lodged with the Court) with the following entities, herein after collectively

referred to as "Settling Defendants,": (a) Boucheron (USA) Ltd., Chanel, Inc., Christian Dior Perfumes, Inc., Clarins U.S.A., Inc., Conopco, Inc., L'Oréal USA, Inc. (formerly known as Cosmair, Inc.), The Estée Lauder Companies Inc., Guerlain, Inc., Parfums Givenchy, Inc. (sometimes collectively referred to herein as the "Manufacturer Defendants"); and (b) Dillard's, Inc., Federated Department Stores, Inc., Gottschalks Inc., The May Department Stores Company, The Neiman Marcus Group, Inc., Nordstrom, Inc., Saks Incorporated and Target Corporation (sometimes collectively referred to herein as the "Department Store Defendants"); and

WHEREAS, the Court has reviewed Plaintiffs' Motion for Preliminary Approval of the Settlement, together with the Exhibits thereto, including the revised Exhibit C attached hereto; and

WHEREAS, the Court has determined that inquiry should be made as to the fairness and adequacy of this proposed settlement and good cause appearing therefor, now finds and orders as follows:

FINDINGS

1. The Court finds that the proposed settlement falls within the range of possible approval and is sufficiently fair to warrant the dissemination of notice to the proposed class members apprising them of the settlement, and finds that the proposed class, as defined in Paragraph 12, below, is proper and should be certified for settlement purposes only.

2. Solely within the context of and for the purposes of settlement, the Court finds that: (a) the members of the class are so numerous that joinder would be impractical; (b) there are questions of law or fact which are common to the class, and those common questions predominate over individual questions; (c) the Plaintiffs' claims are typical of the claims of the absent members of the class; (d) Plaintiffs have and will fairly and adequately represent the

2

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL EXHIBIT 1

interests of the absent members of the class; and (e) this class action is superior to any other available method for the fair and efficient adjudication of the controversy.

3. There is no evidence that any member of the class has an interest in filing a separate action. Any putative class member will have the right to exclude himself or herself from the class to pursue individual litigation, should he or she choose to do so. There is no other case containing the same or similar allegations pending in any other court against these Settling Defendants. It is desirable to maintain this litigation under the jurisdiction of this Court to facilitate the parties' settlement agreement and resolve all of the claims of the proposed Settlement Class.

4. As provided in the Settlement Agreement, each Settling Defendant retains the right to withdraw from and terminate the settlement as to it if it concludes, in good faith, that the number of class members who request exclusion is "substantial" (as that term is defined in the Settlement Agreement). Plaintiffs also retain the right to withdraw from and terminate this settlement if they conclude that the termination of this Agreement by one or more of the Settling Defendants will "materially reduce" (as defined in the Settlement Agreement) the consideration to be received by the class members.

5. The Superior Court appointed The Honorable Charles B. Renfrew as the Discovery Referee, who conducted numerous hearings and made rulings on the scope and extent of discovery.

6. The Superior Court appointed The Honorable Daniel Weinstein as a settlement mediator, whose mediation efforts contributed to this settlement.

7. The proposed settlement is the product of arm's-length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel who have actively

prosecuted and defended this litigation.

8. The Settlement Agreement is granted preliminary approval and incorporated herein by this reference, and has the full force and effect of an order of this Court.

9. A hearing is appropriate to consider whether this Court should grant final approval to this settlement, and to allow adequate time for members of the class, or their counsel, to support or oppose this settlement.

10. A hearing is also appropriate for this Court to determine the appropriate amount to be awarded to Plaintiffs' Counsel, as listed in Exhibit D to the Settlement Agreement, in attorneys' fees and costs, as well as "incentive awards" to the named Plaintiffs and to allow adequate time for Plaintiffs' Counsel to submit their application for attorneys' fees and costs, as well as for members of the class to support or oppose that application.

11. For purposes of this Order, the term "Department Store Cosmetic Products" means the full range of high-end, "prestige" or specialty beauty and cosmetic products and product lines (whether established, discontinued or new), including, but not limited to, color products, treatments and fragrances which are or were manufactured, distributed and/or sold by the Manufacturer Defendants or Department Store Defendants under various brand names during the Class Period, as defined in Paragraph 12 below. Department Store Cosmetic Products are sold primarily through traditional department and/or speciality stores ("Retail Stores"), including such stores owned or operated by the Department Store Defendants, who, in turn, sell such products to the Plaintiffs and members of the Settlement Class. The term "Department Store Cosmetics" excluded products and product lines sold principally through mass distribution channels.

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED:

12. Solely within the context of and for purposes of holding a hearing to consider whether this Court should grant final approval to the proposed settlement, this action is determined to be properly maintained as a class action pursuant to Rule 23(b)(2) and (b)(3), Federal Rules of Civil Procedure, with a class, for settlement purposes only, consisting of:

> All persons who currently reside in the United States and who purchased Department Store Cosmetic Products in the United States, which products were manufactured, distributed and/or sold by the Manufacturer Defendants or Department Store Defendants, at any time during the period May 29, 1994 through July 16, 2003 (the "Class Period"). Excluded from this Settlement Class are all employees, officers, directors or agents (including attorneys) of any defendant, as well as any judge, justice or judicial officer presiding over this matter, and each such person's immediate family.

13. Two forms of notice: a Summary Notice of Class Certification and Settlement ("Summary Notice") attached hereto as Exhibit A-1, and a Notice of Class Certification and Settlement ("Notice"), attached hereto as Exhibit A-2, shall be given to the class.

14. On or before February 20, 2004, or as soon thereafter as is practicable, the Summary Notice shall be disseminated to the Class, substantially in the form attached hereto as Exhibit A-1, by publication in the newspapers and periodicals listed in Exhibit B attached hereto. Such notice shall be published in a size no less than one-sixth (1/6) of a page in newspapers and no less than two-fifths (2/5) of a page in periodicals. Proof of dissemination of such Summary Notice shall be filed by Defendants' counsel prior to the final approval hearing. The Notice, substantially in the form of Exhibit A-2, shall be posted on the website established pursuant to Paragraph 15 below, and shall be mailed to any class member who so requests. The expense of giving notice to the class members shall be paid by the Settling Defendants. Dissemination of the Notice as provided above is hereby authorized and approved, and satisfies the notice

5

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL      EXHIBIT 1

requirements of Rule 23(e), Federal Rules of Civil Procedure, the Constitution of the United States, due process and any other applicable rule(s) of this Court.

15. The Settlement Administrator shall establish a website, which will contain the Notice to Class Members. The Summary Notice and Notice shall contain the address of the website, which shall remain available until one (1) year after the entry of the Court's order of final approval of the settlement.

16. The Settlement Administrator shall establish a toll-free telephone number to provide information to Class Members about the nature of the settlement. The Summary Notice and Notice shall contain the toll-free telephone number.

17. Any member of the Class may request exclusion from the class by first class mail, personally signed, and stating unequivocally that he/she wishes to be excluded from this class action settlement. Any request for exclusion must be mailed, postmarked on or before March 26, 2004 to:

Cosmetics Antitrust Litigation Settlement Administrator
P.O. Box [to be inserted]
[address to be inserted]

and referring, in the request for exclusion, to the name and number of this litigation, *Azizian, et al. v. Federated Department Stores, Inc., et al.*, Docket No. 4:03-CV-03359-SBA. Such request shall state the name and address of the member of the class requesting exclusion, and that such class member elects to be excluded from this litigation. The class member must sign the request for exclusion personally. Any class member who chooses to be excluded and who provides the requested information will not be bound by any judgment entered in connection with this settlement. Copies of any exclusions received by Plaintiffs' counsel pursuant to this paragraph shall be served on counsel for Settling Defendants, as provided for in the Settlement Agreement,

6

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL

EXHIBIT 1

and shall be filed with the Court by Plaintiffs' counsel before the date for the hearing on final approval.

18. Any member of the class who does not elect to be excluded from this litigation may enter an appearance on their own behalf in this action through that class member's own attorney (at their own expense), but need not do so. Class members who do not enter an appearance through their own attorneys will be represented by the Plaintiffs as class representatives and their counsel, whose fees and costs will be paid as provided in the Settlement Agreement.

19. A final approval hearing pursuant to Rule 23(e), Federal Rules of Civil Procedure, will be held in the Courtroom of the undersigned on June 8, 2004, at 1:00 p.m. in the United States District for the Northern District of California, Oakland Division, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, California 94612, to determine whether the proposed settlement is fair, reasonable and adequate, and whether it should be finally approved by the Court and the claims against the Settling Defendants dismissed on the merits, with prejudice and without costs as to the Settling Defendants, except as provided in the Settlement Agreement. This hearing may be continued from time to time without further notice.

20. Briefs in support of final approval shall be filed on or before April 26, 2004.

21. A hearing on attorneys' fees and costs to be awarded to Plaintiffs' Counsel will be held in the Courtroom of the undersigned on June 8, 2004 at 1:00 p.m. in the United States District for the Northern District of California, Oakland Division, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, California 94612. This hearing may be continued from time to time without further notice.

22. Plaintiffs' Counsel shall file any application for attorneys' fees and costs and for

7

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL

EXHIBIT 1

any "incentive awards" for the named Plaintiffs on or before April 26, 2004.

23. Any member of the class who has not timely requested exclusion may appear at the final approval hearing and show cause why the Court should not approve this settlement, and dismiss this action with prejudice as to the Settling Defendants, and may appear at the hearing to support or oppose Plaintiffs' Counsel's application for attorneys' fees and expenses. For a member of the class to have any objections considered, the class member must send a sworn statement by first-class mail postmarked no later than March 26, 2004 to:

Cosmetics Antitrust Litigation Settlement Administrator
P.O. Box [to be inserted]
[address to be inserted].

This statement shall include: (1) the class member's complete name and residence or business address (giving the address of any lawyer who represents the class member is not sufficient); (2) that the class member purchased Department Store Cosmetic Products during the period May 29, 1994, through July 16, 2003; and (3) each ground for comment or objection and any supporting papers the class member desires the Court to consider (*i.e.*, a mere statement that "I object" shall not be deemed to be sufficient). The Settlement Administrator shall provide copies of any objections received to counsel for the Plaintiffs and for the Settling Defendants. Plaintiffs' Counsel shall file copies with the Court at least ten (10) days before the hearing on final approval. The filing of any objection shall not extend the time within which a class member may file a request for exclusion from the settlement.

24. In the event that, within ten (10) days after receipt of the list of class members who have excluded themselves from the settlement, any Settling Defendant shall conclude in good faith that the number of class members who have opted out of the Settlement Class is substantial (as that term is defined in the Settlement Agreement), then said Settling Defendant

8

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL EXHIBIT 1

shall have the right, exercisable in its sole and absolute discretion, to withdraw from this settlement, in which event the case will proceed as to any such withdrawing Settling Defendant. This option shall be exercised, if at all, within the above-described period by service of written notice of the election to terminate on Plaintiffs' Counsel and by filing a copy of such notice with the Court. With respect to each Settling Defendant who timely withdraws, the Settlement Agreement shall be terminated, canceled, null and void, as provided in the Settlement Agreement.

25. In the event that Plaintiffs conclude in good faith that the withdrawal of any Settling Defendant will "materially reduce" the consideration to be received by the Settlement Class members (as that term is defined in the Settlement Agreement), then Plaintiffs shall have the right, exercisable in their sole and absolute discretion, to withdraw from this settlement by filing with the Federal Court and serving on Settling Defendants' counsel written notice of withdrawal within four (4) days after receipt of any Settling Defendant's withdrawal. In the event Plaintiffs timely withdraw, the Settlement Agreement shall be terminated, canceled, null and void. If the Settling Defendants and/or Plaintiffs elect to withdraw from this Agreement, no defendant will be reimbursed for any funds advanced to defray the costs of providing notice to Class Members pursuant to Paragraph 13, above.

26. In the event the Settlement Agreement is terminated with respect to any and all Settling Defendants, the Settlement Agreement and all matters leading up to or related to the settlement are confidential settlement communications inadmissible under Federal Rules of Evidence, Rule 408, or California Code of Evidence, Section 1152(a), and any and all other applicable federal and state laws.

Dated: _November 21, 2003 _Saundra Brown Armstrong_____________

9

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL

EXHIBIT 1

The Honorable Saundra Brown Armstrong
United States District Court Judge
United States District Court for the
Northern District of California

Exhibits to this document:

A: A-1: Summary Notice (short-form notice)
A-2: Notice (long-form notice)

B: List of Publications

11

[PROPOSED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS; GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND SCHEDULING HEARING ON FINAL SETTLEMENT APPROVAL

EXHIBIT 1