1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10              (OAKLAND DIVISION)

11  FATEMAH AZIZIAN, et al.          )   **Civil No. 3:03 CV-03359 SBA**
                                     )
12          Plaintiffs,              )   **CLASS ACTION**
                                     )
13      vs.                          )
                                     )   **FINAL JUDGMENT GRANTING FINAL**
14  FEDERATED DEPARTMENT STORES,     )   **APPROVAL TO THE CLASS ACTION**
    INC., et al.                     )   **SETTLEMENT WITH ALL**
15                                   )   **DEFENDANTS AND AWARDING**
                                     )   **ATTORNEYS' FEES AND COSTS**
16          Defendants.             )
                                     )
17  _____)

18
19
20
21
22
23
24
25
26
27
28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1          This matter is before this Court on the motion for final approval of this class
2 action settlement.

3          By Order Conditionally Certifying Settlement Class; Granting Motion for
4 Preliminary Approval of Class Action Settlement; and Scheduling Hearing on Final
5 Settlement Approval, dated November 21, 2003 ("Preliminary Approval Order"), this Court
6 conditionally certified the settlement class herein and granted preliminary approval to the
7 proposed settlement. This Court also ordered that notice of the settlement be published to the
8 class members in accordance with the Preliminary Approval Order.

9          In compliance with that order, notice was published to the members of the
10 class in January-February of 2004 and posted on a dedicated website.

11          On January 11, 2005, and March 8, 2005, the parties appeared at the final
12 approval and fairness hearing represented by their respective attorneys of record. An
13 opportunity to be heard was given to all persons requesting to be heard. This Court presided
14 at the final approval and fairness hearing. This Court has carefully reviewed and considered
15 all reports and recommendations of the Special Master, the Honorable Charles B. Renfrew, as
16 well as all of the pleadings filed in connection with both hearings, all of the presentations and
17 evidence submitted to the Special Master and the Court in support of the settlement, and the
18 submissions and arguments of all objectors.

19          The proposed settlement having been duly noticed, and having been fully
20 considered by the Court,

21 IT IS HEREBY ADJUDGED, ORDERED AND DECREED that:

22          1.      This Court has jurisdiction over the claims of the plaintiffs and of the
23 members of the class asserted in this proceeding, personal jurisdiction over the settling parties
24 (including all class members), and subject matter jurisdiction to approve the settlement as set
25 forth in the Settlement Agreement previously filed with this Court.

26          2.      For the reasons stated on the record by the Court at the hearing of
27 January 11 and March 8, the notice given to the members of the class was reasonably

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1  calculated under the circumstances to apprise them of the pendency of this action, all material

2  elements of the proposed settlement, their opportunity to exclude themselves from, to object

3  to, or to comment on the settlement and to appear at the settlement hearing.  The notice was

4  reasonable and the best notice practicable under the circumstances; was due, adequate and

5  sufficient notice to all class members; and complied fully with the laws of the United States

6  and of the Federal Rules of Civil Procedure, due process and any other applicable rules of

7  court.  A full opportunity has been afforded to the members of the class to participate in this

8  hearing, and all members of the class and other persons wishing to be heard have been heard.

9  Accordingly, the Court determines that all members of the class who have not excluded

10  themselves from this litigation, are bound by this Final Judgment and Decree.

11          3.      Sixty-two (62) members of the class requested to be excluded from this

12  settlement, and a list of such class members is attached hereto as Exhibit 1.  These individuals

13  are hereby found to have properly excluded themselves from the Settlement Class and this

14  Final Judgment and Decree shall not be binding on them.

15          4.      On November 21, 2003, this Court preliminarily approved certification

16  of a Settlement Class defined as:

17          All persons who currently reside in the United States and who
            purchased Department Store Cosmetic Products in the United States,
18          which products were manufactured, distributed and/or sold by the
            Manufacturer Defendants or Department Store Defendants, at any
19          time during the period May 29, 1994 through July 16, 2003 (the
            "Class Period").  Excluded from this Settlement Class are all
20          employees, officers, directors or agents (including attorneys) of any
            defendant, as well as any judge, justice or judicial officer presiding
21          over this matter, and each such person's immediate family
            ("Settlement Class").
22

23          5.      For purposes of this settlement, the term "Department Store Cosmetic

24  Products" means the full range of high-end, "prestige" or specialty beauty and cosmetic

25  products and product lines (whether established, discontinued or new) including, but not

26  limited to, color products, treatments and fragrances which are or were manufactured,

27  distributed and/or sold by the Manufacturer Defendants or Department Store Defendants

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1  under various brand names during the Class period.  Department Store Cosmetic Products are

2  sold primarily through traditional department and/or specialty stores, ("Retail Stores"),

3  including such stores owned or operated by the Department Store Defendants, who, in turn,

4  sell such products to the Plaintiffs and members of the Settlement Class.  The term

5  "Department Store Cosmetic Products" excludes products and product lines sold principally

6  through mass distribution channels.

7        6.     Class certification is an appropriate method for protecting the interests

8  of the class members and resolving the common issues of fact and law arising out of the

9  existence of the alleged violations of federal and state antitrust laws.

10        7.     Rule 23(b)(3), Federal Rules of Civil Procedure, provides for class

11  certification when there is an ascertainable class and a well-defined community of interest

12  among class members.

13        8.     For the reasons stated by the Court at the hearings of January 11 and

14  March 8, 2005, as well as those identified in the Special Master's various reports and

15  recommendations, the Court finds for the purposes of this settlement that:  (i) the members of

16  the class are so numerous that joinder would be impractical; (ii) there is a commonality of

17  interests between the Plaintiffs and members of the class; (iii) there are questions of law and

18  fact which are common to the class and those common questions predominate over individual

19  questions; (iv) the Plaintiffs' claims are typical of the claims of the absent members of the

20  class; and (v) Plaintiffs will fairly and adequately represent the interests of the absent

21  members of the class.

22        9.     The class meets the predominance and superiority requirements.

23  Common issues of fact and law predominate, for the claims of members of the class all hinge

24  on whether a conspiracy existed, and whether it resulted in supra-competitive prices for

25  Department Store Cosmetic Products. This class action is superior to individual actions

26  because, given the substantial costs associated with litigating an individual action and the

27

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1   relatively small amount of recoverable damages per individual, the Settling Defendants would

2   likely pay no damages absent class treatment of the claims of the class members.

3              10.     Accordingly, pursuant to Rule 23(e), Federal Rules of Civil Procedure,

4   this Court finds that the applicable requirements of Rule 23, Federal Rules of Civil Procedure,

5   have been satisfied with respect to this settlement and makes final its conditional certification

6   of the Settlement Class (excluding those persons listed in Exhibit 1) for settlement purposes

7   only.

8              11.     For the reasons stated on the record at the January 11 and March 8

9   hearings, as well as those identified in the Special Master's various reports and

10  recommendations, this Court hereby grants final approval to the settlement and finds that it is

11  fair, reasonable and adequate, and in the best interests of the class as a whole.  The objections

12  that have been filed have been considered by the Court and are overruled.  The proposed

13  settlement is the product of arm's-length, serious, informed and non-collusive negotiations

14  between experienced and knowledgeable counsel who have actively prosecuted and defended

15  this litigation for over four (4) years.  The Court finds that the Product Fund of $175 million

16  in Department Store Cosmetics created by the settlement is valuable, meaningful relief for the

17  Settlement Class.

18             12.     The stipulation regarding conduct relief, attached hereto as Exhibit 2

19  and incorporated herein, is valuable, meaningful relief for the Settlement Class, and is hereby

20  approved and shall be entered and filed with the clerk forthwith.

21             13.     At the hearing held on January 11, 2005, the Court asked for additional

22  information from the parties and invited them to consider modifications or additions to the

23  proposed plan of distribution.  The parties provided the additional information in evidentiary

24  submissions to the Special Master, which are discussed in his recommendation and report

25  dated February 21, 2005.  In addition, the parties, certain private objectors, and the objecting

26  states came to an agreement modifying the plan of distribution that is reflected in a filing

27  submitted on February 23, 2005 and referenced in the Special Master's February 21 report.

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1   Only three private objectors continued to raise objections to the modified plan of distribution

2   and the Court considered both their written submissions and their oral arguments submitted at

3   the March 8, 2005 hearing.  For the reasons stated by the Court at that hearing and for the

4   reasons identified by the Special Master in his February 21 report, the Court rejects all of their

5   objections.

6          14.    In addition to the effect of any final judgment entered in accordance

7   with this Agreement, upon this settlement becoming final, Settling Defendants and their

8   present and former parents, subsidiaries, divisions, affiliates, officers, directors, employees,

9   agents and any of their legal representatives (and the present and former parents, subsidiaries,

10   divisions, affiliates, officers, directors, employees, agents and legal representatives, and the

11   predecessors, heirs, executors, administrators, successors and assigns of each of the

12   foregoing) shall be released and forever discharged from all manner of claims, demands,

13   actions, suits, causes of action, whether class, individual or otherwise in nature, damages

14   whenever incurred, liabilities, of any nature whatsoever, including costs, expenses, penalties

15   and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any

16   member of the Settlement Class who has not timely excluded herself/himself from this action

17   (including any of their past, present or future agents, legal representatives, trustees, parents,

18   partners, estates, heirs, executors and administrators), and whether or not they object to the

19   settlement, ever had, now has, or hereafter can, shall or may have, arising out of conduct

20   during the Class Period by any Settling Defendant concerning the pricing, marketing,

21   distribution, promotion or advertising or sale of Department Store Cosmetic Products, and

22   which arise under any federal or state antitrust, unfair competition, unfair practices, price

23   discrimination, unitary pricing or trade practice law, or other similar law or regulation or

24   common law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. §1, *et seq.*,

25   the Cartwright Act, Cal. Bus. & Prof. Code §16720, *et seq.*, the Unfair Practices Act, Cal.

26   Bus. & Prof. Code §17000, *et seq.*, and the Unfair Competition Act, Cal. Bus. & Prof. Code

27   §17200, *et seq.*, as well as any other federal or state law, statute or regulation concerning any

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1   of the aforementioned subjects.  Nothing in the Settlement Agreement or in this Order is

2   intended to release any other claim(s) that a Plaintiff or member of the Settlement Class may

3   have against one or more of the Settling Defendants.  For example, a personal injury or a

4   product defect claim is not released.  Nothing in the Settlement Agreement or in this Order is

5   intended to release any claim(s) that any member of the Settlement Class may have against

6   any other manufacturer or retailer of Department Store Cosmetic Products other than the

7   Settling Defendants.  Each member of the Settlement Class (including his or her past, present

8   or future agents, legal representatives, trustees, parents, estates, heirs, executors and

9   administrators), hereby covenants and agrees that he or she shall not hereafter assert any

10   claim, demand, action, suit or cause of action, whether class or individual, against any Settling

11   Defendant based, in whole or in part, upon any released claim.

12           15.     Plaintiffs and Settlement Class members who have not excluded

13   themselves from this litigation expressly waive the provisions of Section 1542 of the

14   California Code of Civil Procedure (and all other like provisions of law) to the full extent that

15   these provisions may be applicable to this release. California Code of Civil Procedure, Section

16   1542, provides:

17           A general release does not extend to claims which the creditor does
             not know or suspect to exist in his favor at the time of executing the
18           release, which if known by him must have materially affected his
             settlement with the debtor.
19

20   Each member of the Settlement Class may hereafter discover facts other than or different

21   from those which she or he knows or believes to be true with respect to the claims being

22   released pursuant to the provisions of Paragraph 13.  Nevertheless, each member of the

23   Settlement Class hereby expressly waives and fully, finally and forever settles and releases,

24   upon this settlement becoming final, any known or unknown, suspected or unsuspected,

25   contingent or noncontingent claim with respect to the subject matter of the claims being

26   released pursuant to the provisions of Paragraph 13, whether or not concealed or hidden,

27   without regard to the subsequent discovery or existence of such different or additional facts.

28
FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1        16.     Without affecting the finality of this Final Judgment, the parties,

2  including the Settling Defendants and the members of the class, have submitted to the

3  exclusive and continuing jurisdiction of this Court, and this Court reserves exclusive and

4  continuing jurisdiction over the Settlement Agreement, including the administration and

5  consummation of the settlement, the distribution of the free cosmetic products, the

6  enforcement of the Stipulated Order, and all other matters of and concerning or arising out of

7  this settlement or the products distributed thereunder.

8        17.     The Settlement Agreement is expressly approved and incorporated

9  herein by this reference, and has the full force and effect of an order of this Court.  The parties

10  shall consummate the Settlement Agreement according to its terms, as modified by the

11  February 23, 2005 Statement of the Parties, Coordinated Objectors and Objecting States.

12        18.     Pursuant to Fed.R.Civ.P. 53(g)(1) and 54, and for the reasons stated on

13  the record at the hearing held on March 8, 2005, the Court hereby adopts the

14  recommendations of the Special Master concerning attorneys' fees and costs and hereby

15  enters this judgment awarding $24 million in attorneys' fees and costs in this matter.  This

16  sum shall be paid by defendants into an interest-bearing escrow account pursuant to the terms

17  of the Settlement Agreement.  The Special Master, pursuant to the authority delegated to him

18  previously by the Court, shall make further recommendations as to how that sum shall be

19  allocated to any counsel who wishes to apply for a portion of the awarded fees.  No sums shall

20  be distributed to any counsel in this case from the $24 million award except pursuant to

21  further order of the Court.

22        19.     Under Rule 54, Federal Rules of Civil Procedure, the Court, in the

23  interests of justice, there being no just reason for delay, expressly directs the Clerk of the

24  Court to enter this Judgment, Final Order and Decree, and hereby decrees that upon entry it be

25  deemed as a final judgment and appealable with respect to all claims by members of the class

26  against defendants Boucheron (USA) Ltd., Chanel, Inc., Christian Dior Perfumes, Inc.,

27  Clarins U.S.A., Inc., Conopco, Inc., L'Oréal USA, Inc. (formerly known as Cosmair, Inc.),

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1   The Estée Lauder Companies Inc., Guerlain, Inc., Parfums Givenchy, Inc., Dillard's, Inc.,

2   Federated Department Stores, Inc., Gottschalks Inc., The May Department Stores Company,

3   The Neiman Marcus Group, Inc., Nordstrom, Inc., Saks Incorporated and Target Corporation,

4   in accordance with the terms of the Settlement Agreement.

5            20.    This Court directs the Clerk of the Court to maintain the record of those

6   members of the Class who have timely excluded themselves from the Class for a period of

7   five (5) years, and to provide a certified copy of such records to the Settling Defendants, at

8   their expense.

9            21.    As to each Settling Defendant, the class actions are dismissed with

10  prejudice and, except as provided herein or in the Settlement Agreement, without costs.

11  Dated:  March 30     , 2005

12

13                                          /s/ Saundra Brown Armstrong
                                    Honorable Saundra Brown Armstrong
14                                     United States District Court Judge
                                  United States District Court for the Northern
15                                          District of California

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1 TO "FINAL JUDGMENT"**
**(MASTER OPT-OUT LIST)**

51996.1

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

**AZIZIAN V. FEDERATED DEPARTMENT STORES**
**MASTER OPT-OUT LIST**
**04/05/04**

| OPT OUT | CLAIM # | REC'D DATE | NAME |
|---------|---------|------------|------|
| 00001 | 90000294 | January 16, 2004 | MARIE BARKER |
| 00002 | 90014956 | January 23, 2004 | MICHAEL RIIKOLA |
| 00003 | 90014963 | January 29, 2004 | BAMBY MOHAMED |
| 00004 | 00464321 | January 30, 2004 | LORNA MITCHELL |
| 00005 | 90014970 | February 2, 2004 | CARMELA TORRES |
| 00006 | 90014989 | February 2, 2004 | KACIE L BEAGEN |
| 00007 | 50166091 | February 2, 2004 | RUTH BEAGEN |
| 00008 | 50181261 | February 2, 2004 | LUCILLE TUCKER |
| 00009 | 90015007 | January 26, 2004 | PATRICIA LINDQUIST et al |
| 00010 | 50063178 | February 5, 2004 | FLORENCE ARONSON |
| 00011 | 90015014 | February 6, 2004 | NANCY TEATER |
| 00012 | 00936439 | February 9, 2004 | RENEE LEVINE |
| 00013 | 50008384 | February 9, 2004 | NANCY W CAPPELLINO |
| 00014 | 90015724 | February 9, 2004 | MARILYN R HOWELL |
| 00015 | 01086690 | February 9, 2004 | LISETTE M PADILLA |
| 00016 | 90016516 | February 10, 2004 | NORMA M CRANDALL |
| 00017 | 90017674 | February 11, 2004 | MARY ELLEN GOULD |
| 00018 | 90019692 | February 13, 2004 | BONNIE J COMPTON |
| 00019 | 90019708 | February 16, 2004 | TINA LARKIN |
| 00020 | 90020407 | February 17, 2004 | MARIA BROWN |
| 00021 | 01447033 | February 17, 2004 | TARA JAROIS |
| 00022 | 90021428 | February 20, 2004 | RUBI MCGRORY |
| 00023 | 90003837 | February 20, 2004 | GEORGIA BURNETT |
| 00024 | 01565065 | February 23, 2004 | PAMELA D WILLIAMS |
| 00025 | 90021879 | February 23, 2004 | WILLIAM BALFOUR |
| 00026 | 50372751 | February 27, 2004 | NANCY SINCLAIR |
| 00027 | 50045471 | March 1, 2004 | SHIRLEY PRADETTO |
| 00028 | 01968156 | March 1, 2004 | TASSOULA E KOKKORIS |
| 00029 | 00172723 | March 2, 2004 | CAROLYN PATZKOWSKI |
| 00030 | 90014673 | March 2, 2004 | HOWARD WALSH |
| 00031 | 50536788 | March 5, 2004 | LAUREL BEGAY |
| 00032 | 90027864 | March 5, 2004 | TERESA LOERA |
| 00033 | 90027840 | March 5, 2004 | DEBBIE BERNARDO |
| 00034 | 90027857 | March 5, 2004 | MARY BETH CRONK |
| 00035 | 01072723 | March 8, 2004 | MARY C MATTEO |
| 00036 | 00811711 | March 8, 2004 | PATRICIA A ROACH |
| 00037 | 90027895 | March 8, 2004 | DANIEL LAPLANTE |
| 00038 | 90027901 | March 8, 2004 | JANET A JAYKUS |
| 00039 | 02391861 | March 12, 2004 | AMANDA BAGNE |
| 00040 | 50567300 | March 15, 2004 | KIM MCGARRY |
| 00041 | 02346663 | March 15, 2004 | DIANE G MERCER |
| 00042 | 90032172 | March 15, 2004 | STACY CHAN |
| 00043 | 90032189 | March 15, 2004 | NANCY E MURRAY |
| 00044 | 90032196 | March 15, 2004 | DAISY BECKETT |
| 00045 | 90026126 | March 17, 2004 | SHARON L PLEW |
| 00046 | 50190812 | March 22, 2004 | PATRICIE A DRAYTON |
| 00047 | 50391813 | March 22, 2004 | BARBARA A BOLDEN |

51996.1                                    1-A

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

| OPT OUT | CLAIM # | REC'D DATE | NAME |
|---------|---------|------------|------|
| 00048 | 90032202 | March 23, 2004 | KAREN SEAY |
| 00049 | 90032219 | March 23, 2004 | RUTH BROERS |
| 00050 | 02951300 | March 26, 2004 | SUZANNE M BRATHOL |
| 00051 | 90032226 | March 26, 2004 | MARIA SUAREZ |
| 00052 | 90032233 | March 26, 2004 | CURTIS LANDON SCHLOSS |
| 00053 | 01879018 | March 26, 2004 | ALISON L COX |
| 00054 | 02446295 | March 29, 2004 | JUDY L TEMME |
| 00055 | 50456246 | March 29, 2004 | RENEE L JONES |
| 00056 | 02971353 | March 29, 2004 | WENDY E KEITH |
| 00057 | 02446295 | March 29, 2004 | JUDY L TEMME |
| 00058 | 02446295 | March 29, 2004 | JUDY L TEMME |
| 00059 | 50446230 | March 29, 2004 | MARIE APICHELLA |
| 00060 | 90032479 | March 29, 2004 | SONIA IRWIN |
| 00061 | 90032622 | March 30, 2004 | SUSAN BONGARD |
| 00062 | 90032639 | March 30, 2004 | SONYA BUSH |

51996.1

1-B

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 2 TO "FINAL JUDGMENT"**
**(STIPULATED ORDER)**

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1

2

3

4

5

6

7

8             **UNITED STATES DISTRICT COURT**

9         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                      **(OAKLAND DIVISION)**

11    FATEMAH AZIZIAN, et al.          )    **Civil No.  3:03 CV-03359 SBA**
                                       )
12              Plaintiffs,            )    **CLASS ACTION**
                                       )
13        vs.                          )    **STIPULATED ORDER**
                                       )
14    FEDERATED DEPARTMENT STORES,     )
      INC., et al.                     )
15                                     )
                Defendants.            )
16                                     )
                                       )
17    _____      )

18          It is hereby stipulated and agreed, by and between the named plaintiffs and the

19    class the represent (collectively "Plaintiffs") and each of the undersigned Defendants as

20    follows:

21          I.        **General Terms and Conditions.**

22          A.        This stipulation and agreement ("Stipulated Order" or "Order") is for

23    settlement purposes only, and does not and shall not constitute an admission by any of the

24    undersigned Defendants that they have engaged in any of the activities prohibited or described

25    below, or that any laws have been violated as alleged by the Plaintiffs in:  (i) their Complaint

26    (the "Federal Complaint") filed on July 18, 2003, in the United States District Court for the

27    Northern District of California entitled *Azizian, et al. v. Federated Department Stores, Inc., et*

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1   *al.*, Docket No. C 03 3359 (the "Federal Action"); or (ii) their Amended Consolidated

2   Complaint filed on May 17, 2000, or any other complaint previously filed by them, in the

3   Superior Court for the State of California, County of Marin.

4            B.     This Stipulated Order, along with each of its terms and conditions, shall

5   not become effective unless and until it is entered by order ("Approval Order") of the United

6   States District Court for the Northern District of California or any transferee court thereof (the

7   "United States District Court"), and shall expire and cease to apply three (3) years after the

8   date on which such Approval Order is entered.

9            C.     The United States District Court has jurisdiction over the subject matter

10   of this Stipulated Order and over the parties hereto pursuant to Section 1 of the Sherman Act

11   and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 1, 15 and 26).

12            D.     For purposes of this Stipulated Order, the following definitions shall

13   apply:

14            1.     "Department Store Cosmetics" or "Products" mean the full range of
high-end, "prestige" or specialty beauty and cosmetic products and
product lines (whether established, discontinued or new), including, but
not limited to, color products, treatments and fragrances which are or
were manufactured, distributed and/or sold by the Manufacturer
Defendants (as that term is defined below) or the Department Store
Defendants (as that term is defined below) under various brand names.
Department Store Cosmetics are sold to Retail Stores (as that term is
defined below), who, in turn, sell such products to retail customers such
as the Plaintiffs. The term "Department Store Cosmetics" excludes
products and product lines sold principally through mass distribution
channels, and, for each Manufacturer Defendant is limited to its
discontinued and current product groups and brands, as well as any new
brands which would otherwise be under the definition of Department
Store Cosmetics during the period that the Order is effective pursuant
to Section II., below.

           2.     "Department Store Defendant" means each entity named as a defendant
in the Federal Complaint which is also a signatory to this Stipulated
Order and which purchases Department Store Cosmetics from one or
more Manufacturers (as that term is defined below), including the
Manufacturer Defendants (as that term is defined below), and, in turn,
resells such cosmetics to retail customers such as the Plaintiffs.

           3.     "Retail Store" means each company or entity, including but not limited
to the Department Store Defendants, which sells Department Store
Cosmetics to retail customers such as the Plaintiffs.

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

4.  "Manufacturer Defendant" means each entity named as a defendant in the Federal Complaint which is also a signatory to this Stipulated Order and which manufactures, distributes and/or sells Department Store Cosmetics to Retail Stores, including the Department Store Defendants, who, in turn, resell such cosmetics to retail customers such as the Plaintiffs.

5.  "Manufacturer" means each company, including but not limited to the Manufacturer Defendants, which manufactures, distributes and/or sells Department Store Cosmetics to Retail Stores, including the Department Store Defendants, who, in turn, resell such cosmetics to retail customers such as the Plaintiffs.

6.  "Manufacturer's Suggested Retail Price" (or "MSRP") means the price that a Manufacturer suggests, at any given time, to a Retail Store as being the price at which that Retail Store resells the Manufacturer's Product to retail customers such as the Plaintiffs, and shall not mean a "Qualifying Amount" as that term is defined below.

7.  "Resale Price" means the price or price level at which Department Store Cosmetics are sold to retail customers such as the Plaintiffs, whether or not the price or price level is the same as the MSRP.

8.  "Agreement" means a contract, combination or conspiracy which would constitute concerted conduct under federal judicial precedent concerning Section 1 of the Sherman Act (15 U.S.C. §1). In addition, the legal principles set forth in *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), as well as subsequent federal judicial precedent applying those legal principles, shall apply to this Stipulated Order.

9.  "Cooperative Advertising" means any advertising or advertising program pursuant to which a Manufacturer pays the cost, in whole or in part, of advertising by a Retail Store for the Manufacturer's Department Store Cosmetics.

10. "Promotion" means any gift-with-purchase, purchase-with-purchase, launch or similar promotion of Department Store Cosmetics that may, from time-to-time be made available to Retail Stores, the cost of which is paid in whole or in part by the Manufacturer whose Products are the subject of the Promotion.

11. "Qualifying Amount" means the amount which any Manufacturer Defendant determines is the amount which any retail customer must pay in order to receive the benefit associated with any Promotion.

II. **Specific Conditions.**

A.  Department Store Defendants.

1.  Each of the undersigned Department Store Defendants, its successors and assignees, its officers, directors, agents, representatives and employees, or through any parent, subsidiary or affiliated corporation, division or other device, in connection with the advertising, offering for

51996.1                                          2-C

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

sale, sale or distribution of Department Store Cosmetics, is prohibited from entering into any Agreement with any Manufacturer:

    a.    To fix, establish, control or maintain the Resale Price, including any MSRP, at which any Department Store Defendant may offer for sale or sell any Products;

    b.    To maintain, adopt or adhere to any resale price for any Products;

    c.    To secure any commitment or assurance from any other Department Store Defendant concerning the resale price at which that Department Store Defendant may offer for sale or sell any Products; or

    d.    To prohibit any Department Store Defendant from advertising any Manufacturer Defendant's Products at a Resale Price less than the Manufacturer's Suggested Retail Price, or to prohibit any other Department Store Defendant  from advertising any Manufacturer Defendant's Products at a Resale Price less than the Manufacturer's Suggested Retail Price, provided that this subparagraph (d) does not apply to any advertising done pursuant to a Cooperative Advertising program.

2.    Provided, however, that nothing in this Stipulated Order shall prohibit any contract or understanding between any Department Store Defendant and a Manufacturer (or any unilateral conduct by a Department Store Defendant) concerning:

    a.    The amount of Product that said Department Store Defendant purchases at one time or in any single order from any Manufacturer;

    b.    The number or dollar amount of Products that may be sold by any Department Store Defendant at one time to any single customer of the Department Store;

    c.    The terms and conditions of any Promotion, including the Qualifying Amount or the number or value of any gift(s) or other component(s) of the Promotion;

    d.    Purchasing a Manufacturer's Products at a wholesale price which is determined by a fixed percentage of the MSRP for such Products;

    e.    Selling a Manufacturer's Products at that Manufacturer's MSRP based on the unilateral decision of a Department Store Defendant and in the absence of any Agreement enumerated in Paragraph II.A.1. herein;

    f.    Establishing terms or conditions of the sale or resale of any Products other than Resale Price, such as credits, backorders, returns and opening orders; or

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

g.   Establishing exclusive or limited distribution periods with respect to any Manufacturer's Products or Promotions of its Products, including but not limited to exclusive or limited distribution periods in which: (i) only one Manufacturer's Promotion is run by a Department Store Defendant on any given date(s); or (ii) a Manufacturer does not offer any Promotion at any Department Store Defendant's retail store on the same date(s) as that Manufacturer's Promotion is offered at another Retail Store.

B.   Manufacturer Defendants.

1.   Each undersigned Manufacturer Defendant, its successors and assignees, its officers, directors, agents, representatives and employees or through any parent, subsidiary or affiliated corporation, division or other device, in connection with the manufacture, advertising, offering for sale, sale or distribution of that Manufacturer Defendant's Products, is prohibited from entering into any Agreement with any Retail Store:

a.   To fix, establish, control or maintain the Resale Price, including any MSRP, at which any Department Store Defendant may offer for sale or sell any Products;

b.   To maintain, adopt or adhere to any resale price for any Manufacturer Defendant's Products;

c.   To secure any commitment or assurance from any Department Store Defendant concerning the resale price at which such Department Store Defendant may offer for sale or sell any Products; or

d.   To prohibit any Department Store Defendant from advertising any Manufacturer Defendant's Products at a Resale Price less than the Manufacturer's Suggested Resale Price, or to prohibit any other Department Store Defendant from advertising any Manufacturer Defendant's Products at a Resale Price less than the Manufacturer's Suggested Resale Price provided that this subparagraph (d) does not apply to any advertising done pursuant to a Cooperative Advertising program.

2.   Each Manufacturer Defendant is also prohibited from:

a.   Suggesting or recommending an MSRP or Resale Price to any Department Store Defendant in writing on any price list or order form unless it clearly states the following caveat on each page of such list or form: "The Retail Prices Quoted Herein Are Suggested Only.  You Are Completely Free to Determine Your Own Retail Prices";

b.   Requiring any Department Store Defendant to report the identity of any other Department Store Defendant which resells that Manufacturer Defendant's Products below the Manufacturer Defendant's Suggested Resale Price, provided that it shall not constitute a violation of this Stipulated Order for a Manufacturer Defendant to receive an unsolicited report from

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

any Department Store Defendant as to the identity of any other Department Store Defendant which has sold that Manufacturer Defendant's Products below the Manufacturer Defendant's Suggested Resale Price;

    c.    Taking objectively baseless action under applicable legal precedent to hinder or preclude the lawful use by any Department Store Defendant of any brand name, trade name or trademark of any Manufacturer Defendant because of the sale or advertising of any Department Store Cosmetics at any resale price;

    d.    Conducting any surveillance program to determine whether any Department Store Defendant is advertising, offering for sale or selling any Department Store Cosmetics at any Resale Price, where such surveillance program is conducted to fix, maintain, control or enforce the Resale Price at which any Department Store Cosmetics are sold or advertised;

    e.    Making any payment or granting any other benefit to any Department Store Defendant in consideration for the Department Store Defendant's agreement to sell or advertise any Department Store Cosmetics at MSRP, except in connection with any Cooperative Advertising program or any conduct, agreement or understanding referenced in Section III.B.3. below; or

    f.    Agreeing upon the prices for new cosmetic Products with any other Manufacturer Defendant.

    3.    Provided, however, that nothing in this Stipulated Order shall prohibit any contract or understanding between any Manufacturer Defendant and a Retail Store (or any unilateral conduct by a Manufacturer Defendant) concerning:

    a.    The amount of Products that any Retail Store purchases at one time or in any single order from any Manufacturer Defendant;

    b.    The number or dollar amount of Products that may be sold by any Retail Store at one time to any single customer of the Retail Store;

    c.    The terms and conditions of any Promotion, including the Qualifying Amount or the number or value of any gift(s) or other component(s) of the Promotion;

    d.    Selling that Manufacturer Defendant's Products at a wholesale price which is determined by a fixed percentage of the Manufacturer Defendant's Suggested Resale Price for such Products;

    e.    Establishing terms or conditions of the sale or resale of any Products other than Resale Price, such as credits, backorders, returns and opening orders; or

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

f. Establishing exclusive or limited distribution periods with respect to that Manufacturer Defendant's Products or Promotions of its Products, including but not limited to exclusive or limited distribution periods in which: (i) only one Manufacturer Defendant's Promotion is run by a Retail Store on any given date(s); or (ii) that Manufacturer Defendant does not offer any Promotion at one Retail Store on the same date(s) as its Promotion is offered at another Retail Store.

III.  **Additional Provisions.**

A.  Nothing in this Stipulated Order shall be construed to prohibit a Department Store or Manufacturer Defendant from entering into any agreement or understanding, or engaging in any conduct, not prohibited by this Stipulated Order.

B.  This Stipulated Order has no application to any claims(s) that Plaintiffs may have against any Retail Store(s) or Manufacturer(s) that has not signed this Stipulated Order (collectively "Non-Signatories"). Accordingly, nothing in this Stipulated Order may be construed as limiting Plaintiffs' right to claim that any policy, practice, agreement or conduct of or by any Non-Signatory ("Non-Signatory Conduct") is violative of any federal or state antitrust law, or any other applicable law, irrespective of whether the Non-Signatory Conduct at issue is: (a) pursuant to an agreement with a Department Store Defendant or Manufacturer Defendant; or (b) otherwise related to or associated with a policy, practice, agreement or conduct of or by a Department Store Defendant or Manufacturer Defendant.

C.  Nothing in this Stipulated Order shall be construed in a manner that is inconsistent with the terms of the parties' Settlement Agreement.

IV.  **Distribution of this Stipulated Order.**

A.  Within thirty (30) days after entry of this Stipulated Order, each Manufacturer Defendant shall mail the attached Exhibit A to the main office of each Retail Store in the United States of America to whom said Manufacturer Defendant sells Products. An affidavit shall be sworn to by an official of said Manufacturer Defendant verifying that the attached Exhibit A was so mailed and filed with this court within ten (10) days after mailing;

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1    B.    Each Manufacturer Defendant shall mail the attached Exhibit A to any

2  person, partnership, corporation or firm that becomes a new seller of that Manufacturer

3  Defendant's Products within three (3) years after entry of this Stipulation and Order;

4    C.    Each of the undersigned Department Store Defendants and

5  Manufacturer Defendants shall, within thirty (30) days of the date on which the Stipulated

6  Order is entered, distribute a copy of this Stipulation to each of its management officers,

7  employees, agents or representatives who has responsibilities related to the sale or marketing

8  of Department Store Cosmetics at or above the level of Department or Divisional

9  Merchandise Manager (or its functional equivalent) for Department Store Defendants, and at

10  or above the level of Regional Sales Manager (or its functional equivalent) for Manufacturer

11  Defendants ("Covered Employees"), and will certify in writing to the Court that it has done

12  so.  In addition, each Department Store Defendant and Manufacturer Defendant shall, for a

13  period of three (3) years from the date of entry of the Approval Order, distribute a copy of this

14  Stipulation to any new Covered Employee to whom the Stipulation was not previously

15  distributed.

16

17                                    **ORDER**

18          It is so ordered this _____ day of _____, 2005.

19

20                            _____
                              The Honorable Saundra Brown G. Armstrong
21                                United States District Judge
                                  Northern District of California
22

23

24

25

26

27

28

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A TO PROPOSED STIPULATED ORDER**

51996.1

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH
ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS

1   [Mailing instructions]

2   [Addressee information]

3         Re:    [Reference]

4   Dear Retailer:

5

6         This letter is intended to remind you of certain aspects of our Company's practices concerning the sale of its prestige or specialty beauty and cosmetic products

7   ("Products") to your stores:

8      1.    The Company may, in its discretion, provide you with a suggested resale price for its Products.  Any such price is a suggested price only;

9   you are completely free to determine your own retail prices.  The Company will not enter into any agreement with you (and will not

10   require or solicit any commitment or assurance from you) concerning the retail prices at which you sell the Company's Products.

11

12    2.    Notwithstanding anything above, with respect to any advertising or advertising program for Products which is paid, in whole or in part, by the Company ("Cooperative Advertising"), the Company reserves the

13   right to set terms and conditions related to such advertising (including but not limited to the price at which Products will be advertised).

14

15    3.    With respect to any advertising of the Company's Products other than Cooperative Advertising, the Company may suggest the price at which its Products will be advertised, and any such suggestion will be

16   considered a suggested resale price within the meaning of paragraph number (1) above.

17

18    4.    This letter is not intended to affect or supersede any policies, practices or guidelines which the Company has established or may in the future

19   establish with respect to any terms or conditions of sale or resale of its Products not specifically referenced in this letter.

20         If you have any questions regarding the contents of this letter, please contact the undersigned by phone, mail or email as specified below.

21

22                               [Closing]

23

24                               [Sender's name]

25

26

27

28

51996.1

FINAL JUDGMENT GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT WITH ALL DEFENDANTS AND AWARDING ATTORNEYS' FEES AND COSTS