IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMAH AZIZIAN, et al., | No. C 03-3359 SBA |
| Plaintiffs. | CLASS ACTION |
| v. | **ORDER** |
| FEDERATED DEPARTMENT STORES, et al., | [Docket No. 575] |
| Defendants. | |

This matter comes before the Court on Objector Kamela Wilkinson's Motion for Leave to File Motion for Reconsideration of the Court's September 21, 2005 Order Referring Wilkinson's Motion for Protective Order to the Special Master [Docket No. 575].

A motion for leave to file a motion for leave for reconsideration must be made in accordance with the requirements of Civil Local Rule 7-9. Pursuant to Local Rule 7-9(b), the moving party must show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(a). Further, pursuant to Civil Local Rule 7-9(c), the moving party is prohibited from repeating any oral or written argument previously made in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Civ. L. R. 7-9(b).

Objector Wilkinson's Motion for Leave to File Motion for Reconsideration fails to meet the

requirements of Civil Local Rule 7-9(b) or (c). While Objector Wilkinson argues that this Court did not have the authority to refer her Motion for Protective Order to the Special Master pursuant to the March 30, 2005 Judgment, Objector Wilkinson overlooks the fact that this Court referred Objector Wilkinson's Motion for Protective Order pursuant to the May 25, 2004 Order of Reference, the June 17, 2004 Order, *and* the March 30, 2005 Final Judgment. Indeed, it appears that the essence of Objector Wilkinson's Motion for Leave to File Motion for Reconsideration is a request to have the Court reconsider its initial appointment of the Special Master. Objector Wilkinson previously raised the same arguments before this Court on June 1, 2004 and her objections were overruled by Order of this Court on June 17, 2004. Further, Objector Wilkinson concedes that she is currently pursuing an appeal that is premised, at least in part, on this same issue. Accordingly,

IT IS HEREBY ORDERED THAT Objector Wilkinson's Motion for Leave to File Motion for Reconsideration [Docket No. 575] is DENIED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: 10-3-05

SAUNDRA BROWN ARMSTRONG
United States District Judge

2