IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMAH AZIZIAN, *et al.*, | No. C 03-3359 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 617, 622] |
| FEDERATED DEPARTMENT STORES, INC., *et al.*, | |
| Defendants. | |

On March 30, 2005, this Court entered a Final Judgment approving the settlement of the above-captioned action and awarding attorney's fees and costs, and delegating to the Special Master the authority to conduct further proceedings with regard to the administration of the settlement.

On March 31, 2006, the Coordinated Objectors filed a Motion for Reconsideration of Total Fee Award and Opposition to Class Counsel's Petition for Attorney Fees and Expenses [Docket No. 617]. The Coordinated Objectors subsequently filed an Amended Motion for Reconsideration of Total Fee Award and Opposition to Class Counsel's Petition for Attorney's Fees and Expenses [Docket No. 622] later the same day. While styled as a "Motion for Reconsideration," the Coordinated Objectors' Motion is actually a motion for relief from judgment, and is brought pursuant to Federal Rule of Civil Procedure 60(b)(2), (b)(3), and (b)(6). Having reviewed the Coordinated Objectors' Motion, the Court finds that, to the extent that the Coordinated Objectors' Motion is premised on Rule 60(b)(2) and (b)(3), it is untimely. *See* Fed. R. Civ. P. 60(b). Further, to the extent that the Motion is brought under Rule 60(b)(6),"[t]he longstanding rule in [the Ninth] circuit is that, clause (6) and the preceding clauses are

mutually exclusive; a motion brought under clause (6) must therefore be for some other reason than the five reasons preceding it under the rule[.]"  *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th Cir.2001).  This "must be so, if the one year limitation period is not to be repealed by judicial fiat." *Id.* It is clear from the Coordinated Objectors' Motion that it does not have any basis for moving for relief from judgment separate and apart from the reasons falling within Rule 60(b)(2) and (b)(3). Accordingly, the Coordinated Objectors' Motion is DENIED.

The Court also finds that the Coordinated Objectors have violated the spirit, if not the letter, of Civil Local Rule 79-5(d) by filing numerous documents on the public record that Plaintiffs have designated as confidential.[1]  In instances where a party wishes to file documents that have been designated confidential by the opposing party, Local Rule 79-5(d) requires that the party filing the document submit an Administrative Motion for a sealing order and lodge the document under seal. Civ. L. R. 79-5(d).  The onus is then placed on the party claiming confidentiality to file a declaration establishing that the document is sealable.  *Id.*  It is subsequently for the *Court* to determine whether the documents should, in fact, be sealed.  This process ensures that a party's confidentiality is protected when it is appropriate to do so.  Because the Coordinated Objectors' decision to file Plaintiffs' documents on the public record effectively circumvented this review process, the Court finds it appropriate to strike the exhibits.

Accordingly,

IT IS HEREBY ORDERED THAT the Coordinated Objectors' Amended Motion for Reconsideration of Total Fee Award and Opposition to Class Counsel's Petition for Attorney's Fees and Expenses [Docket No. 617] and Coordinated Objectors' Amended Motion for Reconsideration of Total Fee Award and Opposition to Class Counsel's Petition for Attorney's Fees and Expenses [Docket No. 622] are DENIED.

IT IS FURTHER ORDERED THAT the Exhibits 1 through 18, attached to the Coordinated Objectors' Amended Motion for Reconsideration of Total Fee Award and Opposition to Class Counsel's

---

[1] The documents referred to herein are attached as Exhibits 1 through 18 to the Amended Motion for Reconsideration of Total Fee Award and Opposition to Class Counsel's Petition for Attorney Fees and Expenses.

Petition for Attorney's Fees and Expenses [Docket No. 622] are STRICKEN from the record.

IT IS SO ORDERED.

Dated: 4/10/06

SAUNDRA BROWN ARMSTRONG
United States District Judge