1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FATEMAH AZIZIAN, et al.,                              )        No. C-03-3359 SBA
                                                      )
                                                      )        **ORDER**
                   Plaintiffs,                        )
                                                      )
        v.                                            )        [Docket Nos. 451, 612, 615,
                                                      )        620, 636-1]
                                                      )
FEDERATED DEPARTMENT STORES, INC., et                )
al.,                                                  )
                                                      )
                   Defendants.                        )
_____         )

        This matter comes before the Court on the Coordinated Objectors' Petition for Attorney
Fees and Expenses [Docket No. 451], the Amended Recommendation of the Special Master as to
the Allocation of Awarded Fees and Costs to Counsel for the Coordinated Objectors and State
Objectors [Docket No. 612], Coordinated Objectors' Objection to Amended Recommendation of
the Special Master as to the Allocation of Awarded Fees and Costs to Counsel for the Coordinated
Objectors and State Objectors [Docket No. 615], Class Counsel's Motion to Adopt Special
Master's Report and Recommendation Re Allocation of Awarded Attorneys Fees and Costs
[Docket No. 620] and Coordinated Objectors' Supplemental Objection to Amended
Recommendation of the Special Master as to the Allocation of Awarded Fees and Costs to Counsel
for the Coordinated Objectors and State Objectors [Docket No. 636-1].

        The Court has reviewed the materials submitted in support of and opposition to the motions
and objections implicated in this proceeding.  The Court has also reviewed transcripts of prior
proceedings which have transpired  over the course of this action, prior orders issued by this Court
and documents filed in connection with the myriad disputes which have emerged.  Based upon the

observations and discussions at the hearings which this Court held, and having read and considered the aforementioned materials, the Court hereby ADOPTS the Special Master's Amended Recommendation IN PART and REJECTS it IN PART.

## PROCEDURAL BACKGROUND

On March 30, 2005, this Court entered a Final Judgment approving the settlement of the above-captioned action, awarding $24,000,000 in attorney's fees and costs, and delegating to the Special Master the authority to conduct further proceedings and to make a recommendation as to how that sum should be allocated among counsel who applied for a portion of the awarded fees. On April 22, 2005, the Coordinated Objectors filed a Petition for Attorney Fees and Expenses [Docket No. 451].

The Special Master conducted a hearing on March 8, 2006. On March 28, 2006, the Recommendation of The Special Master as to the Allocation of Awarded Fees and Costs To Counsel For the Coordinated Objectors and State Objectors was filed with the Court [Docket No. 609]. The Special Master recommended a total award to the State Objectors in the amount of $124,725.24, comprised of $109,083.00 attorney fees and $15,642.24 in costs. With regard to counsel for the Coordinated Objectors, the Special Master recommended that no attorneys' fees be awarded unless the Court is of the view that their contribution was of some value, in which event, the Special Master recommended a multiplier of .3, resulting in a fee amount of $368,016.25 and $53,843.99 for expenses. The Special Master filed an Amended Recommendation on March 29, 2006, correcting two typographical errors.

On March 31, 2006, the Coordinated Objectors filed an Objection to Amended Recommendation of the Special Master and Class Counsel filed a Motion to Adopt Report and Recommendation. On April 18, 2006, the Coordinated Objectors filed a Supplemental Objection to the Amended Recommendation. A hearing was conducted on April 27, 2006, during which the Special Master considered a number of motions including the Coordinated Objectors' objections.

**United States District Court**
For the Northern District of California

## LEGAL STANDARD

Counsel who represent a class and produce a benefit for the class members are entitled to be compensated for their services. As stated by the United States Supreme Court, "this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980) ("Boeing"). It is well established that "an award of attorneys' fees from a common fund depends on whether the attorneys' "specific services benefitted the fund--whether they tended to create, increase, protect or preserve the fund."' Class Plaintiffs v. Jaffe & Schlesinger P.A., 19 F.3d 1306, 1308 (9th Cir.1994), quoting Lindy Bros. Builders, Inc. v. American Radiator, Etc., 540 F.2d 102, 112 (3d Cir. 1976). The amount of the award of attorneys' fees and expenses is within the sound discretion of the district court and will only be set aside upon a showing that the action amounted to an abuse of discretion. Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1029 (9th Cir. 1998); WPPSS, 19 F.3d at 1296

## DISCUSSION

The Coordinated Objectors seek fees and expenses in the total amount of $3,000,000, which represents 12.5% of the $24,000,000 awarded by the Court. The premise of Coordinated Objectors' assertion that they are entitled to such an exorbitant amount is, ostensibly in part, their belief that they played a significant role in the Court's rejection of the original settlement and were an integral part in ultimately fashioning an improved Settlement Agreement. The Court concurs with the Special Master's assessment that the Coordinated Objectors have "vastly overstated the role they played in this case."

Preliminarily, the record demonstrates that the Court did not reject the original settlement, but continued the hearing to allow the parties ample time to resolve issues related to the Plan of Distribution. The Court made no suggestions to the parties as to what, if any, modifications they should make to the Settlement Agreement or to the Plan of Distribution, which the Court ultimately concluded was an inextricable link in the Settlement Agreement. Any suggestion that

– 3 –

United States District Court

For the Northern District of California

the Court did or was inclined to reject the original settlement agreement is misconceived.  To the contrary, the Court announced an inclination at the inception of the January 11, 2005 hearing to approve the Settlement Agreement, but invited discussion regarding it's authority to do so, given the concerns which the Court articulated related to, among other things, the Plan of Distribution. The Coordinated Objectors submitted objections prior to the hearing and participated in the discussion during the hearing concerning the propriety of the Court's announced inclination.  Their participation was certainly of some value to the Court.  However,  the Court was not persuaded by the Coordinated Objectors' comments and it was ultimately the discussion with counsel for the State Objectors  and, to a lesser extent, counsel for Objector Kamela Wilkinson which persuaded the Court to defer it's decision.  The Court stated at the hearing it's view  that the settlement was a result of two years of extensive, protracted arms-length and hard fought negotiations between Class Counsel and Counsel for the Defendants, thoroughly familiar with both antitrust and class action litigation and fully versed in the issues presented by this action.  That remains the Court's view.

With respect to the modified Settlement Agreement,  given that the negotiations took place outside the presence of the Court, the Court gives weight to the representations of Class Counsel and counsel for the State Objectors, in view of their historical involvement with these issues prior to the filing of this action.  The record suggests that the efforts undertaken by the Coordinated Objectors in opposing the original settlement and their agreement to the modified settlement were of limited value to the overall result.  Considering the analysis undertaken by the Special Master of the benefits asserted by the Coordinated Objectors, coupled with the vigorous opposition to their assertions, the Court concludes that, while the Coordinated Objectors' participation provided some value to the process, they have not demonstrated that their involvement significantly enhanced the settlement.

The Court is aware of no issue of significance of the Coordinated Objectors creation.  To the contrary, the record supports the Special Master's conclusion that their role was one of confirmation not origination.  Notwithstanding, the Court is inclined to consider recognizing the

United States District Court
For the Northern District of California

contribution, albeit limited, provided by counsel for the Coordinated Objectors in this, relatively protracted litigation. In that regard however, the alternative recommendation of the Special Master appears generous when compared to the amounts awarded to the State Objectors, whose contribution was indisputably more significant. The Court also has concerns regarding the accuracy of the hourly rate information on which the Special Master based his alternative recommendation in view of the disparate affidavits brought to the Court's attention by Class Counsel, ostensibly filed by the two attorneys involved in this matter. The Court would benefit from supplemental briefing addressing the amount, if any, which would appropriately recognize the contribution provided by the Coordinated Objectors. While the Court is inclined to award the Coordinated Objectors the recommended $53,843.99 in expenses, the parties may address that point as well if they desire to. The Court is not inclined to award Coordinated Objectors an amount in excess of the recommended $368,016.25.

The briefs are limited to 5 pages in length. The Coordinated Objectors should file it's supplemental brief by October 17, 2006 and Class Counsel, State Objectors and/or Counsel for Defendant may file a Supplemental brief by October 24, 2006 if they choose to. Consistent with the Court's standing orders, any party submitting a Supplemental brief must submit a proposed order reflecting the relief they are suggesting with the supporting authority. The Court will take the matter under submission as of October 24, 2006.

## CONCLUSION

IT IS HEREBY ORDERED THAT the Amended Recommendation of the Special Master [Doc. No. 612] is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED THAT the Coordinated Objectors Petition for Attorneys Fees and Expenses [Doc. No. 451] is GRANTED IN PART and DENIED IN PART. The Coordinated Objectors are awarded expenses in the amount of $53,843.99. The Court will determine the amount of the Attorneys' fees after supplemental briefing.

IT IS FURTHER ORDERED THAT Class Counsel's Motion to Adopt Special Master's Report and Recommendation [Doc. No. 620] is GRANTED IN PART and DENIED IN PART.

- 5 -

IT IS FURTHER ORDERED THAT  the Coordinated Objectors' Objection to Amended Recommendation of  Special Master [Doc. No. 615] and Coordinated Objectors' Supplemental Objection to Amended Recommendation of Special Master [Doc. No. 636-1] are SUSTAINED IN PART and OVERRULED IN PART.

IT IS FURTHER ORDERED THAT the State Objectors are awarded attorneys' fees in the amount of $109,083.00 and costs in the amount of $15,642.24, for a total award of $124,725.24.

IT IS FURTHER ORDERED THAT the motion to compel the production of timesheets and expenses and expense summaries of Class Counsel is DENIED as moot for the reasons provided by the Special Master.

IT IS SO ORDERED.


Date:  September 29, 2006

SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California