UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMAH AZIZIAN, et al., | No. C-03-3359 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket Nos. 685, 687] |
| FEDERATED DEPARTMENT STORES, INC., et al., | |
| Defendants. | |

This matter comes before the Court as a continuation of the Coordinated Objectors' Petition for Attorneys Fees and Expenses [Docket 451], supplemented by the additional briefs filed by the Coordinated Objectors [Docket No. 685], and Class Counsel [Docket No. 687].

Having read and considered the materials submitted by the parties, all documents filed in connection with this proceeding, and the prior orders issued by this Court, the Court hereby DENIES the Coordinated Objectors' request for attorneys' fees.

**PROCEDURAL BACKGROUND**

On September 29, 2006, the Court issued an order awarding the Coordinated Objectors $53,843.99 in expenses [Docket No. 683] and invited the parties to submit supplemental briefing on the issue of attorneys' fees to the Coordinated Objectors.

Counsel for the Coordinated Objectors filed a supplemental brief on October 17, 2006, requesting that the Court award reasonable attorneys' fees up to its lodestar, $1,226,721.75 [Docket No. 685]. Class Counsel filed a supplemental brief on October 23, 2006, recommending the fees

requested by the Coordinated Objectors be denied or greatly reduced [Docket No. 687]

## LEGAL STANDARD

It is well established that "an award of attorneys' fees from a common fund depends on whether the attorneys' "specific services benefitted the fund--whether they tended to create, increase, protect or preserve the fund."' Class Plaintiffs v. Jaffe & Schlesinger P.A., 19 F.3d 1306, 1308 (9th Cir.1994), quoting Lindy Bros. Builders, Inc. v. American Radiator, Etc., 540 F.2d 102, 112 (3d Cir. 1976). The amount of an award of attorneys' fees and expenses is within the sound discretion of the district court and will only be set aside upon a showing that the action amounted to an abuse of discretion. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1988). "In the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement, as a matter of law they were not entitled to fees." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1052 (9th Cir. 2002).

## DISCUSSION

The Coordinated Objectors have not met the threshold showing that their involvement in these proceedings resulted in  substantial enhancement  in the settlement or other similar benefit.[1]  While the efforts undertaken by the Coordinated Objectors in opposing the original settlement and their agreement to the modified settlement were of some value to the Court, they were very limited in comparison to the overall result.

Having considered the analysis undertaken by the Special Master of the benefits asserted by the Coordinated Objectors, coupled with the vigorous opposition to such assertions, as well as the arguments of counsel and the controlling authorities,  the Court  finds that while the Coordinated Objectors' involvement in this case was laudable, it did not substantially enhance the value of the

---

[1] The Coordinated Objectors assert they are responsible for the creation of a monitoring committee and the addition of the at-the-counter notice.  Class Counsel dispute these assertions. After thoroughly reviewing the record, the Court concurs with the Special Master's finding that the Coordinated Objectors' contribution was one of confirmation not origination.

settlement or benefit the class sufficiently to warrant an award of attorneys' fees.

**CONCLUSION**

IT IS HEREBY ORDERED THAT the Coordinated Objectors' request for attorneys' fees is DENIED.

IT IS SO ORDERED.

Date:   2/5/07

SAUNDRA BROWN ARMSTRONG
United States District Judge

- 3 -